William W. LEITH, Appellant,

v.

OIL TRANSPORT COMPANY, Inc., and American Marine Corporation.

No. 14314.

United States Court of Appeals Third Circuit.

Argued June 12, 1963.

Decided July 30, 1963.

Harry Alan Sherman, Pittsburgh, Pa., for appellant.

Donald L. Very, Pittsburgh, Pa. (Campbell, Thomas & Burke, Pittsburgh, Pa., on the brief), for appellees.

Before KALODNER, HASTIE and SMITH, Circuit Judges.

HASTIE, Circuit Judge.

This is an appeal from an order dismissing a civil action for personal in-

juries brought by a seaman under the Jones Act, 46 U.S.C. § 688. The defendants are two corporations which allegedly own and operate the vessel upon which the plaintiff served and was injured. The plaintiff contends that the district court erred in holding that venue was improperly laid in the Western District of Pennsylvania and that attempted personal service upon the defendants within that district was legally ineffective. The plaintiff also contends that the district court abused its discretion in denying his motion to vacate the order of dismissal and to permit such an amendment of the complaint as would transform it into a libel in admiralty.

The pleadings and certain affidavits show without dispute that the plaintiff is a citizen of Tennessee and that the defendants are incorporated and maintain their principal offices in Louisiana and are not licensed to do business in Pennsylvania. At the time of his injury, the plaintiff was serving as a member of the crew of the defendants' vessel, Bayou Barataria. The accident occurred while the vessel was docked in navigable water of the Ohio River at Paducah, Kentucky.

To recover for his injuries, the plaintiff filed in the District Court for the Western District of Pennsylvania both this civil action against the shipowners and a libel in rem against the Bayou Barataria. The libel is not before us. It is still pending in the district court and, we are told, the plaintiff has been unable to find or attach the vessel within that district.

The complaint in the civil action is in three counts. The first seeks recovery for negligent injury under the Jones Act. The second alleges the same facts and makes the same demands, except that recovery is sought on the legal ground that the defendants breached their warranty to maintain a seaworthy vessel. The third count seeks maintenance and cure for the period of the plaintiff's disability following the accident.

We consider first whether venue lies in the Western District of Pennsylvania. In approaching that issue, we observe that both the negligence count and the unseaworthiness count seek the same damages for a single injury. Only the legal theory of liability differs. Of such a situation the Supreme Court has said that "whether or not the seaman's injuries were occasioned by the unseaworthiness of the vessel or by the negligence of the master or members of the crew, or both combined, there is but a single wrongful invasion of his primary right of bodily safety and but a single legal wrong, Baltimore S. S. Co. v. Phillips, supra, [1927, 274 U.S. 316] 321, [47 S.Ct. 600, 71 L.Ed. 1069], for which he is entitled to but one indemnity by way of compensatory damages." Pacific Steamship Co. v. Peterson, 1928, 278 U.S. 130, 138, 49 S.Ct. 75, 77, 73 L.Ed. 220.

█ It follows that, while a seaman may plead and go to trial on both theories of liability, he must elect to present his entire cause of action either as a civil action under the Jones Act or as a libel in admiralty. McCarthy v. American Eastern Corp., 3d Cir. 1949, 175 F.2d 724, cert. denied, 338 U.S. 868, 70 S.Ct. 144, 94 L.Ed. 532; Balado v. Lykes Bros. S. S. Co., 2d Cir. 1950, 179 F.2d 943.

█ Here, the plaintiff elected to file his entire claim as a civil action, pleading particularly that "plaintiff has elected to bring and maintain this suit as an action for damages at law with the right of trial by jury * * *." The right to maintain an action at law for maritime injury was created by the Jones Act. In Brown v. C. D. Mallory & Co., 1941, 122 F.2d 98, this court concluded that the venue provision of the Jones Act is controlling when such a combined negligence and unseaworthiness claim is filed as a civil action, though it is not when the same subject matter is incorporated in a libel in admiralty. Cf. Panama R. R. v. Johnson, 1924, 264 U.S. 375, 44 S.Ct. 391, 68 L.Ed. 748.

█ In contrast, the count for maintenance and cure does not depend upon the Jones Act, but states a claim

long familiar to and adjudicable in admiralty. However, it is now authoritatively held that principles of pendent jurisdiction permit such an admiralty matter to be pleaded and adjudicated with a related Jones Act claim in an action at law, Romero v. International Terminal Operating Co., 1959, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368. and that the plaintiff may insist upon a jury trial of the entire litigation, Fitzgerald v. United States Lines Co., 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720. Such power to incorporate an admiralty claim in an action at law and to try it in the same manner as the principal civil claim presupposes that the forum is a proper one for the civil claim. If the court finds itself without power to adjudicate the principal claim, incidental power to hear the admiralty claim on the civil side must also be lacking.[1]

The venue provision of the Jones Act requires that actions be brought in "the court of the district in which the defendant employer resides or in which his principal office is located". 46 U.S.C. § 688. If this were all, this action would clearly be in the wrong district, since it has long been held that, for venue purposes, a corporation "resides" only where it is incorporated. Suttle v. Reich Bros. Construction Co., 1948, 333 U.S. 163, 68 S.Ct. 587, 92 L.Ed. 614.

However, the matter is complicated by the 1948 revision of the section of the Judicial Code entitled "Venue Generally". That section now contains the following subsection:

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes." 62 Stat. 935, 28 U.S.C. § 1391(c).

It is argued that in determining where a corporate employer "resides" within the meaning of the Jones Act, a court should apply the general venue statute's 1948 enlargement of the "residence" concept to include any judicial district where a corporation "is doing business".

■ This same argument has been rejected by the Supreme Court with reference to the effect of the 1948 revision of the general venue statute upon the special patent infringement statute which, like the Jones Act, provides for suit in the district "where the defendant resides". Fourco Glass Co. v. Transmirra Products Corp., 1957, 353 U.S. 222, 77 S.Ct. 787, 1 L.Ed.2d 786. Cf. Goldlawr, Inc. v. Shubert, E.D.Pa.1958, 169 F.Supp. 677, 680 (special venue provision of Clayton Act); United Transit Co. v. United States, M.D.Tenn.1957, 158 F.Supp. 856 (special venue provision for tax refund suits). We find no basis for a different ruling on essentially the same problem of statutory construction in a Jones Act case.[2] It follows that venue for this civil action was improperly laid in the Western District of Pennsylvania.

It remains to consider the district court's denial of the plaintiff's post-judgment motion for vacation of the dismissal order to permit transformation of his pleading into a libel which would invoke the traditional jurisdiction and procedures of admiralty, thereby avoiding difficulties of venue.

■ We recognize that admiralty has no special restrictive rules of venue applicable to libels *in personam*. Rather, "a libel *in personam* may be maintained for any [maritime] cause   \*   \*   \*

---

1. The court below properly noted that because plaintiff did not certify the involvement of the jurisdictional amount, as required by local practice, the maintenance and cure claim cannot have any standing as a suit within diversity jurisdiction. Indeed, in the complaint itself the maintenance and cure count contains no allegation of the amount involved.

2. A contrary suggestion in a footnote, Connolly v. Farrell Lines, Inc., 1st Cir. 1959, 268 F.2d 653, 657 n. 2, cert. denied, 361 U.S. 902, 80 S.Ct. 208, 4 L.Ed.2d 158 seems to have been made without adverting to the Supreme Court's decision in the Fourco case, which is not distinguished or even cited.

wherever a monition can be served upon the libelee, or an attachment made of any personal property or credits of his; * * *." In re Louisville Underwriters, 1890, 134 U.S. 488, 490, 10 S.Ct. 587, 588, 33 L.Ed. 991. See also Brown v. C. D. Mallory & Co., supra, 122 F.2d at 101. Even "in a district in which there is no person who can be served with process and no property which can be seized", suit should be entertained "if it is made to appear that property which can be seized under process therein is expected to be within the district shortly". Internatio-Rotterdam, Inc. v. Thomsen, 4th Cir. 1955, 218 F.2d 514, 515. Accord, Thompson v. Trent Maritime Co., Ltd., E.D.Pa.1957, 149 F.Supp. 468. Only in the absence of any such prospect of obtaining personal jurisdiction or jurisdiction quasi in rem may dismissal of the libel be a proper exercise of discretion. The Managua, S.D.N.Y.1941, 42 F.Supp. 381. In these circumstances, it is clear that the plaintiff could have avoided venue difficulties by casting his claim initially as a libel in personam, seeking, without resort to the Jones Act, indemnity for breach of warranty of seaworthiness and fulfillment of the shipowner's obligation to provide him with maintenance and cure. However, it does not follow that the court must afford him this opportunity after he has elected to join all of his claims in a Jones Act civil complaint, demanding jury trial of all issues in litigation.

Several courses were open to the district court when it sustained the defendants' challenge to the venue of the Jones Act proceeding. The order dismissing that civil action might have provided specifically that the dismissal was without prejudice to a new filing in admiralty. But more than three years had elapsed since the accident in suit. While it is arguable that in the circumstances a new libel would not be vulnerable to a defense of laches, that defense might create difficulties for the plaintiff.

Alternatively, the Jones Act proceeding might have been transferred to a forum of appropriate venue. 28 U.S.C. § 1404. The plaintiff did not ask for such a transfer and we have no indication that he would wish to litigate his claim in another district.

Finally, there is the plaintiff's proposal that he be allowed to amend the present complaint so as to convert it into an admiralty proceeding while preserving his original filing date. In disposing of this motion the court below was entitled to consider that, although a transformation of the action into an admiralty proceeding would avoid restrictive rules of venue, the controversy would still be totally unrelated to the Western District of Pennsylvania. It did not arise there; the plaintiff does not live there; the defendants are not incorporated there and do not maintain a place of business there. To permit the requested transformation of the action would impose upon a busy court, as well as upon the defendants and witnesses, a burden not justified by any connection of the litigation with the district. While these circumstances would not justify refusal to entertain an original libel in personam, they may make a court properly reluctant to exercise discretionary power to assist a party who seeks to amend a civil complaint to avoid otherwise applicable rules of venue. In these circumstances, an additional consideration becomes decisive. Any danger that a new filing might be barred as untimely can be avoided quite simply by the normal procedure of transferring the present civil action to a forum that is appropriate for a Jones Act case because the defendants reside there. Certainly the plaintiff cannot justly complain if, having elected to sue at law under the Jones Act, he is enabled to proceed with that litigation, even though his choice of forum is more restricted than it would have been had he filed originally in admiralty.

We think, therefore, that the denial of the motion to amend was proper but that this proceeding should be transferred to a district where venue lies, if the appellant even now shall ask for such transfer.

Accordingly, the judgment will be affirmed, and the plaintiff shall be permitted within thirty days after the filing of our mandate to move for the vacation of the order dismissing his complaint and a transfer of the action to a district of proper venue.