**John Henry CROOKHAM, Libellant,**

**v.**

**Steve MUICK, Gus Pelos, Seneca Towing Co., and Seneca Oil & Transport Co., and the M/V DIESEL, her boilers, engines, tackle, apparel and furniture, in a cause of damage, civil and maritime, Respondents.**

No. 65–30.

United States District Court
W. D. Pennsylvania.

Oct. 7, 1965.

Harry Alan Sherman, Pittsburgh, Pa., for libellant.

Donald L. Very, Campbell, Thomas & Burke, Pittsburgh, Pa., for respondents.

DUMBAULD, District Judge.

On May 12, 1965, libellant filed in Admiralty (No. 65–30) a complaint in rem against the M/V Diesel and in personam against two individuals (who apparently have not been served with process) and two corporations seeking damages for personal injury alleging negligence and unseaworthiness (jury trial demanded) and also seeking maintenance and cure. An amended libel filed June 2, 1965, repeats the same claims, adding in paragraph 5:

"That this action is brought under the general maritime law and the doctrine of seaworthiness, with pendent rights under the provisions of the Jones Act. That there is diversity of citizenship between Libelant and the corporate respondents as his employer and operators of said vessel. Both Seneca Oil & Transport Co. and Seneca Towing Co. are Ohio companies, with principal offices at Cleveland, Ohio."

In the original libel there was included in the maintenance and cure count but not in the negligence and unseaworthiness counts an allegation that libellant is a citizen and resident of Pennsylvania.

This allegation disappeared in the amended libel. In each count it is alleged that over $10,000 is involved. In the Exceptions of the corporate respondents and their answer to the amended libel, it is stated that they are Delaware corporations with their principal offices in Cleveland, Ohio. Insofar as the Jones Act is involved, they raise the issue of venue.

In a Jones Act case on the law side, venue is properly laid only in the district of the residence or principal office of the seaman's employer. In this case, that would be Delaware or Ohio. Leith v. Oil Transport Co., 321 F.2d 591, 593 (C.A.3, 1963); Panama R.R. Co. v. Johnson, 264 U.S. 375, 385, 44 S.Ct. 391, 68 L.Ed. 748 (1924).

The instant action is clearly one in admiralty, however, and not on the law side. In admiralty the court applies the law of the sea, maritime law. Originally such law did not permit recovery for negligence. The Osceola, 189 U.S. 158, 175, 23 S.Ct. 483, 47 L.Ed. 760 (1903). But Congress may modify and modernize such law. Detroit Trust Co. v. The Thomas Barlum, 293 U.S. 21, 43–44, 55 S.Ct. 31, 79 L.Ed. 176 (1934); see also 264 U.S. at 386, 388, 44 S.Ct. at 393, 394. It has done so in the Jones Act of June 5, 1920, 41 Stat. 1007, 46 U.S.C. § 688. Though not clearly stated in the terms of the act, the effect of the legislation is to recognize negligence as a ground for recovery. See 264 U.S. at 389, 44 S.Ct. at 395. The cause of action thus recognized by the modified maritime law may be brought on the admiralty side, as well as on the law side. On the admiralty side, however, the procedural right to jury trial which the Jones Act makes available if the seaman elects to sue on the law side is not available. 264 U.S. at 391, 44 S.Ct. at 395. Nor does the venue provision of the Jones Act apply in admiralty (321 F.2d at 593; Brown v. C. D. Mallory & Co., 122 F.2d 98, 103–104 (C.C.A.3, 1941).

Hence it is clear that libellant is entitled to trial of his entire case in this Court without a jury, if he so desires.

However, he seems to wish to eat his cake and have it too. He has demanded jury trial. He contends that the Jones Act action is "pendent" to the claims cognizable under the historic law of the sea, and that thus all three claims are transubstantiated into matters triable by jury.

This contention would permit the tail to wag the dog. Since negligence and unseaworthiness are merely separate grounds for a single recovery (321 F.2d at 592), the law permits the admiralty law claims to be treated as pendent to a civil action on the law side under the Jones Act, with the right of jury trial. Romero v. Int. Terminal Co., 358 U.S. 354, 381, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959); Fitzgerald v. United States Lines, 374 U.S. 16, 21, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963); 321 F.2d at 593.

We know of, and libellant has referred us, however, to no case where the Jones Act negligence claim has been treated as *pendent to the admiralty claims*. On the contrary, as Judge Hastie says (321 F.2d at 593) the civil claim is regarded as the "principal" claim, to which the admiralty claim is pendent or ancillary.

Presumably libellant should be given the option of seeking transfer to a jurisdiction where venue is proper over the Jones Act claim, if he wishes to insist on the right to jury trial. 321 F.2d at 594.

Accordingly, we grant libellant until October 15, 1965, to elect whether to file an application for transfer, to withdraw the libel, or to proceed to trial non-jury in due course. In the event no election of the first two alternatives is filed by that date, the case will be treated as one for disposition by the Court as a non-jury case, since, as previously stated, the entire cause of action pleaded falls within our traditional admiralty jurisdiction.