Elmo PIERCE, Appellant,

v.

ELK TOWING COMPANY.

No. 15546.

Howard BROWN, Appellant,

v.

ISLAND CREEK COAL COMPANY.

No. 15559.

Dallas WISE, Appellant,

v.

RIVER MARINE SERVICE, INC.

No. 15706.

James E. NEELY, Appellant,

v.

MISSISSIPPI VALLEY BARGE LINE
COMPANY.

No. 15740.

United States Court of Appeals
Third Circuit.

Submitted March 30, 1966.

Decided April 20, 1966.

On Petition for Rehearing
Aug. 3, 1966.

Harry Alan Sherman, Pittsburgh, Pa.,
for appellant Pierce.

Donald L. Very, Campbell, Thomas &
Burke, Pittsburgh, Pa., (Charles E. Lu-genbuhl, Lemle & Kelleher, New Or-leans, La., on the brief), for appellee
Elk Towing Co.

Hymen Schlesinger, Pittsburgh, Pa.,
for appellants Brown, Wise, and Neely.

Giles J. Gaca, Pringle, Bredin, Thom-son, Rhodes & Grigsby, Pittsburgh, Pa.,
for appellees Island Creek Coal Co. and
Mississippi Valley Barge Line Co.

Gerard F. Wrabley, Egler, McGregor
& Reinstadtler, Pittsburgh, Pa., for ap-pellee River Marine Service, Inc.

Before STALEY, Chief Judge,
GANEY, Circuit Judge, and SHERI-DAN, District Judge.

PER CURIAM.

The issues raised on this appeal
involve the application of the general
venue provisions of 28 U.S.C. § 1391(c)
to suits brought under the Jones Act, 46
U.S.C. § 688. This court has heretofore
considered this question and decided that
the general venue provisions do not apply
to such suits. Leith v. Oil Transport Co.,
Inc., 321 F.2d 591 (C.A.3, 1963). A panel
cannot overrule a prior decision of this
court rendered by another panel. This
must be done by the court en banc.

The judgment of the district court will
be affirmed.

ON PETITION FOR REHEARING

OPINION OF THE COURT

PER CURIAM.

The sole question raised in each of
these appeals is whether the venue provi-sion of the Jones Act, 46 U.S.C. § 688
was expanded by the 1948 revision of
the Judicial Code, 28 U.S.C. § 1391(c).
The district court, relying on our case
of Leith v. Oil Transport Co., Inc., 321
F.2d 591 (3d Cir. 1963), held that 28
U.S.C. § 1391 did not apply. We affirm-ed in per curiam opinions. Petitions
for rehearings were filed. Subsequently
the United States Supreme Court in
Pure Oil Co. v. Suarez, 384 U.S. 202, 86

S.Ct. 1394, 16 L.Ed.2d 474 (1966), overruled *Leith,* holding that 28 U.S.C. § 1391 applied. We granted rehearing by the panel and the appeals were submitted on briefs.

We of course must reverse the district court on the authority of *Pure Oil.*

The orders of the district court dismissing for improper venue will be reversed.