364 F.2d 504
 Elmo PIERCE, Appellant,
v.
ELK TOWING COMPANY.
Howard BROWN, Appellant,
v.
ISLAND CREEK COAL COMPANY.
Dallas WISE, Appellant,
v.
RIVER MARINE SERVICE, INC.
James E. NEELY, Appellant,
v.
MISSISSIPPI VALLEY BARGE LINE COMPANY.
 No. 15546.
 No. 15559.
 No. 15706.
 No. 15740.
 United States Court of Appeals Third Circuit.
 Submitted March 30, 1966.
 Decided April 20, 1966.
 On Petition for Rehearing August 3, 1966.
 
 Harry Alan Sherman, Pittsburgh, Pa., for appellant Pierce.
 Donald L. Very, Campbell, Thomas & Burke, Pittsburgh, Pa., (Charles E. Lugenbuhl, Lemle & Kelleher, New Orleans, La., on the brief), for appellee Elk Towing Co.
 Hymen Schlesinger, Pittsburgh, Pa., for appellants Brown, Wise, and Neely.
 Giles J. Gaca, Pringle, Bredin, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for appellees Island Creek Coal Co. and Mississippi Valley Barge Line Co.
 Gerard F. Wrabley, Egler, McGregor & Reinstadtler, Pittsburgh, Pa., for appellee River Marine Service, Inc.
 Before STALEY, Chief Judge, GANEY, Circuit Judge, and SHERIDAN, District Judge.
 PER CURIAM.
 
 
 1
 The issues raised on this appeal involve the application of the general venue provisions of 28 U.S.C. § 1391(c) to suits brought under the Jones Act, 46 U.S.C. § 688. This court has heretofore considered this question and decided that the general venue provisions do not apply to such suits. Leith v. Oil Transport Co., Inc., 321 F.2d 591 (C.A.3, 1963). A panel cannot overrule a prior decision of this court rendered by another panel. This must be done by the court en banc.
 
 
 2
 The judgment of the district court will be affirmed.
 
 ON PETITION FOR REHEARING
 OPINION OF THE COURT
 
 3
 PER CURIAM.
 
 
 4
 The sole question raised in each of these appeals is whether the venue provision of the Jones Act, 46 U.S.C. § 688 was expanded by the 1948 revision of the Judicial Code, 28 U.S.C. § 1391(c). The district court, relying on our case of Leith v. Oil Transport Co., Inc., 321 F.2d 591 (3d Cir. 1963), held that 28 U.S.C. § 1391 did not apply. We affirmed in per curiam opinions. Petitions for rehearings were filed. Subsequently the United States Supreme Court in Pure Oil Co. v. Suarez, 384 U.S. 202, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1966), overruled Leith, holding that 28 U.S.C. § 1391 applied. We granted rehearing by the panel and the appeals were submitted on briefs.
 
 
 5
 We of course must reverse the district court on the authority of Pure Oil.
 
 
 6
 The orders of the district court dismissing for improper venue will be reversed.