395 F.2d 737
 Esker E. HASKINS, Appellant,
v.
POINT TOWING COMPANY and M/V H. E. BOWLES, a Motor Vessel,
Her Boilers,Engines, Tackle Apparel and Furniture,
and Bulk Towing, Inc., in a Cause
ofContract and Damage, Civil
and Maritime.
 No. 16901.
 United States Court of Appeals Third Circuit.
 Argued Jan. 12, 1968.
Decided May 16, 1968.
 
 Harry Alan Sherman, Pittsburgh, Pa., for appellant.
 Donald L. Very, Campbell, Thomas & Burke, Pittsburgh, Pa. (Charles E. Lugenbuhl, Lemle & Kelleher, New Orleans, La., on the brief) for respondent Point Towing Co.
 Before McLAUGHLIN, FREEDMAN and SEITZ, Circuit Judges.
 OPINION OF THE COURT
 FREEDMAN, Circuit Judge.
 
 
 1
 A confused pleading presents us with the problem whether plaintiff[1] was entitled to a trial by jury of his Jones Act[2] claim for negligence and his maritime claims for unseaworthiness and maintenance and cure. He was compelled to have all these claims tried by a judge without a jury and he brings this appeal from the decision of the district judge dismissing his action on the merits.
 
 
 2
 Plaintiff brought the action by filing what he designated as a 'Libel in Admiralty, In Rem and In Personam * * * against Point Towing Co. and the M/V. H. E. Bowles, a motor vessel, her boilers, engines, tackle, apparel and furniture, and Bulk Towing, Inc., in a cause of contract and damage, civil and maritime. * * *' He demanded trial by jury. In his 'First Cause of Action' he alleged that he was an assistant engineer and member of the crew of the motor vessel H. E. Bowles and sought recovery for personal injuries 'as a seaman * * * pursuant to the general maritime law and the doctrine of seaworthiness. * * *' In the same cause of action he claimed 'pendent rights' under the Jones Act for negligence. In the 'Second Cause of Action' he sought recovery for maintenance and cure. He alleged damages in excess of $10,000 exclusive of interest and costs, in each cause of action. The pleading concluded with a prayer that process issue against the vessel in accordance with the practice in admiralty and maritime jurisdiction and in the alternative that attachment of property of the defendants be made 'as on foreign attachment, in personam.'
 
 
 3
 The Clerk of the Court docketed the action in admiralty but placed in on the civil jury list. Process issued but was returned unexecuted and shortly thereafter counsel entered an appearance for Point Towing Co. and subsequently filed an answer to the libel. No appearance was entered for Bulk Towing Inc., which therefore dropped out of the case.
 
 
 4
 After discovery proceedings Point Towing Co., which will be referred to as the defendant, filed a motion to remove the case from the jury list and to assign it to a nonjury list on the ground that there was no right to trial by jury because the action was in admiralty. The district court agreed and granted the motion.[3] It was also of the opinion that plaintiff had not shown venue at law under the Jones Act[4] because the defendant did not reside or have its principal office within the jurisdiction. It therefore gave plaintiff an election to seek a transfer to a jurisdiction where venue existed, to withdraw the action, or to proceed to trial by a judge without a jury. The court specified that the case would be treated as a nonjury case if plaintiff did not choose either of the first two alternatives within fifteen days. All this was prior to the effective date of the new merged civil and admiralty rules. Plaintiff made no such choice and the case proceeded to trial as a nonjury action.
 
 
 5
 Ultimately the district court dismissed the action because defendant was not liable for any negligence or unseaworthiness which may have occasioned plaintiff's injury. It found that the vessel was being operated by Bulk Towing, Inc., the unserved defendant, under a 'bare boat charter' from defendant, that the landing where the vessel was tied was operated by another corporation and that defendant was not the plaintiff's employer.[5]
 
 
 6
 Analysis of the problem of the right to jury trial must begin in the light of the guidance established by the Supreme Court in Fitzgerald v. United States Lines Co., 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963). There it was held error to refuse plaintiff a jury trial of his claim for maintenance and cure coincident with the jury trial of his claims under the Jones Act for negligence and under maritime law for unseaworthiness.[6] ] The Court made no attempt to define precisely how plaintiff had labeled his claims, whether in admiralty or at law, although the opinion of the Court of Appeals[7] indicates that jurisdiction at law was asserted for the claim under the Jones Act with the unseaworthiness and maintenance and cure claims joined as pendent to it on the law side, under the doctrine of Romero v. International Terminal Operating Co., 358 U.S. 354, 380, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959).[8] The Court based its decision on the fundamental factors of simplicity, utility to litigants and the interest of justice in having one tribunal decide the three claims which in general arise from a unitary set of circumstances. Mr. Justice Black said: 'Although remedies for negligence, unseaworthiness, and maintenance and cure have different origins and may on occasion call for application of slightly different principles and procedures, they nevertheless, when based on one unitary set of circumstances, serve the same purpose of indemnifying a seaman for damages caused by injury, depend in large part upon the same evidence, and involve some identical elements of recovery. Requiring a seaman to split up his lawsuit, submitting part of it to a jury and part to a judge, unduly complicates and confuses a trial, creates difficulties in applying doctrines of res judicata and collateral estoppel, and can easily result in too much or too little recovery.'[9] Because of these considerations Mr. Justice Black concluded: 'Only one trier of fact should be used for the trial of what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments. And since Congress in the Jones Act has declared that the negligence part of the claim shall be tried by a jury, we would not be free, even if we wished, to require submission of all the claims to the judge alone. Therefore, the jury, a time-honored institution in our jurisprudence, is the only tribunal competent under the present congressional enactments to try all the claims. Accordingly, we hold that a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts.'[10]
 
 
 7
 It therefore is beyond question that a plaintiff who files a complaint at law under the Jones Act and demands a jury trial, has the right to join with it and have tried before a jury as pendent to it his claims under maritime law for unseaworthiness and for maintenance and cure. The Jones Act, however, provides the right to trial by jury only in an action at law,[11] and for such an action establishes a venue requirement.[12] The district court concluded that plaintiff's action did not satisfy the venue requirement of an action at law under the Jones Act because Pennsylvania was not the place of residence or principal place of business of the defendant. It held that all the claims could proceed in admiralty, whose venue requirement is that the action be brought wherever the defendant may be served with process or wherever defendant's property may be attached.[13] It was proper to proceed with all the claims in admiralty since the claims for unseaworthiness and maintenance and cure are creatures of admiralty and the Jones Act has been construed to permit a Jones Act claim for negligence to be maintained as an independent admiralty action.[14]
 
 
 8
 The district court's conclusion on venue, however, was based on a misapprehension of the factual situation. It was undisputed that defendant was incorporated within the judicial district in which the action was brought. This was the place of defendant's residence for venue under the Jones Act,[15] and since the Jones Act's requirement for venue in an action at law therefore was satisfied, plaintiff could have obtained trial by jury of his Jones Act negligence claim and with it, under Fitzgerald, trial before the same jury of his unseaworthiness and maintenance and cure claims if they had been made pendent to it on the law side of the court.
 
 
 9
 Plaintiff did not, however, seek the trial of all his claims on the law side of the court, but brought the unseaworthiness and maintenance and cure claims in admiralty. Nevertheless, we must interpret his demand for a jury trial of his claims and his designation of the Jones Act claim as a civil rather than a maritime claim, and as a pendent rather than an independent claim in admiralty, as indicating a choice that the Jones Act claim be designated as an action at law. In these circumstances we think that plaintiff was entitled to have his Jones Act claim tried before a jury as an action at law and to have his claims for unseaworthiness and maintenance and cure which were brought in admiralty submitted to the same jury. We see no reason why a plaintiff who sues at law under the Jones Act for negligence must make his claims for unseaworthiness and maintenance and cure pendent to it on the law side in order to maintain his right to trial by jury on all three claims. To require this would compel him to lose the advantages which inhere in the characteristic admiralty claims, such as in rem process,[16] interlocutory appeals,[17] admiralty attachment[18] and the right to obtain depositions within twenty days of commencement of the action without permission of the court.[19] There is no reason to make relinquishment of the procedural advantages of these inherent admiralty claims for unseaworthiness and maintenance and cure the price for a jury trial. Fitzgerald has made it clear that the reason for trial by jury in claims for unseaworthiness and maintenance and cure is not that they are actions at law, but rather that there should be one fact finder and that when they are joined with the Jones Act claim under which a right of trial by jury is guaranteed, they, too, may be tried by the same jury. The Court in Fitzgerald did not justify its decision by characterizing the claims for unseaworthiness and maintenance and cure as having been brought on the law side, but instead specifically declared that it was creating a right to trial by jury in admiralty cases in the interest of judicial administration by virtue of the power left to it by Congress to fashion the controlling rules of admiralty law.[20]
 
 
 10
 There is no novelty in permitting a joint trial of claims in admiralty and claims at law.[21] For some years before Romero we required that claims for maintenance and cure be brought on the admiralty side of the court, subject to admiralty procedures and without trial by jury, rather than as pendent to an action at law under the Jones Act. Jordine v. Walling, 185 F.2d 662 (3 Cir. 1950). Yet in maintaining this distinction between the nature of the claims we nevertheless approved the practice in this circuit permitting a joint trial of the claim for maintenance and cure with the claim at law under the Jones Act for negligence and the claim for unseaworthiness, although the maintenance and cure claim was decided by the judge and the others by a jury. Jordine v. Walling, supra at 671.[22]
 
 
 11
 The unification of the civil and admiralty rules of procedure, which became effective July 1, 1966,[23] specifically authorizes a hybrid proceeding in which claims in admiralty and claims at law are tried together, yet distinctive maritime remedies and procedures are preserved on claims identified as being brought within the admiralty jurisdiction[24] under Rule 9(h).[25] The problems which such hybrid proceedings present are not fundamentally different from those created when law and equity were merged but not obliterated in the original rules, and will exist in the future under the present merger of the civil and admiralty rules. Prior to the unification the same problems required similar treatment in the circumstances of this case and therefore permitted unseaworthiness and maintenance and cure claims to be maintained in admiralty although joined with a Jones Act claim at law with a right to trial by jury on all three claims.
 
 
 12
 The provisions of the new merged rules do not, as defendant argues, prevent us from allowing a jury trial on the admiralty claims. It is true that the draftsmen took care to provide that the rules did not create a right of trial by jury in an admiralty or maritime claim,[26] and one of the reasons for the requirement in Rule 9(h) of a statement identifying a claim as an admiralty or maritime claim is to determine whether the action is one in which there is a right to trial by jury. However, the right to jury trial on admiralty claims joined with a Jones Act claim stems not from the merger of the civil and admiralty rules, but from a court-created right to trial by jury in such cases in the interest of the administration of justice. There is nothing in Rule 9(h) which prevents a jury trial on an admiralty claim when the right to trial by jury does not depend on the distinction whether it is in law or in admiralty. Although the unified rules were adopted and became effective after Fitzgerald was decided, they make no attempt to deal with the Fitzgerald decision and we must not construe them as indicating that the Supreme Court in approving and transmitting them to Congress on February 28, 1966[27] meant to uproot the right to trial by jury in an admiralty action when it is joined with a claim under the Jones Act.
 
 
 13
 Since we conclude that the district court erred in holding that there was a lack of venue at law, that the claims therefore were required to be heard in admiralty, and hence that there was no right to trial by jury, the judgment of the district court must be vacated and the cause remanded for further proceedings. On remand plaintiff will be required to comply with Rule 9(h) which now will be applicable and to supplement his complaint by identifying those counts which he seeks to pursue as claims in admiralty. If he does not designate the Jones Act claim for negligence as being in admiralty for the purpose of Rule 9(h), he will be entitled to have all three claims decided by a jury as he has demanded.[28]
 
 
 14
 It has been suggested to us that defendant may be entitled by uncontroverted evidence to a dismissal of the action as a matter of law. Defendant had moved for a directed verdict at the close of all the evidence, but since the case was heard by a judge without a jury the motion was not formally ruled on as such. The findings of fact and conclusions of law of the trial judge afford no clear foundation for a determination whether plaintiff's claims were dismissed as a matter of law or on factual grounds. On remand the district court should therefore afford defendant an opportunity by appropriate motion to raise the question of the sufficiency of the evidence as a matter of law to make out a case for consideration by a jury. If the court finds the evidence inadequate for that purpose a judgment for the defendant as a matter of law will be appropriate; otherwise, if plaintiff does not file a statement designating the Jones Act claim as being in admiralty, he will be entitled to have his three claims submitted to a jury.
 
 
 15
 The judgment of the district court will be vacated and the cause remanded for further proceedings consistent with this opinion.
 
 
 
 [1]
 Although the parties are referred to in the pleadings as libellant and respondent, in view of the uniform designation provided under the 1966 amendments to the Federal Rules of Civil Procedure (see Rules 1, 4(b)), we shall refer to the parties as plaintiff and defendant
 
 
 [2]
 46 U.S.C. 688
 
 
 [3]
 See Crookham v. Muick, 246 F.Supp. 288 (W.D.Pa.1965), on which the district court relied
 
 
 [4]
 The Jones Act provides:
 'Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such an action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply. * * * Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located.' (46 U.S.C. 688).
 The term 'jurisddiction' in the Jones Act has been interpreted to mean venue. See Panama R.R. Co. v. Johnson, 264 U.S. 375, 383-385, 44 S.Ct. 391, 68 L.Ed. 748 (1924).
 
 
 [5]
 The court also found that the vessel was not unseaworthy 'with respect to its equipment, including means of ingress and egress.'
 
 
 [6]
 The district court had followed the Second Circuit practice in permitting the claim of unseaworthiness to be tried before the jury together with the negligence claim under the Jones Act. Balado v. Lykes Bros. S.S. Co., 2 Cir., 179 F.2d 943, 945 (1950). Similarly, see McCarthy v. American Eastern Corp., 175 F.2d 724 (3 Cir.), cert. denied, 338 U.S. 868, 70 S.Ct. 144, 94 L.Ed. 532 (1949), relying on the fact that each of these claims is res judicata of the other
 
 
 [7]
 See Fitzgerald v. United States Lines Co., 306 F.2d 461, 463 (2 Cir. 1962), reversed, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963)
 
 
 [8]
 Romero held that a federal court which has jurisdiction over a Jones Act claim on the law side of the court, also has pendent jurisdiction to hear unseaworthiness and maintenance and cure claims joined on the law side, even though there is no independent jurisdiction at law over the maritime claims
 
 
 [9]
 Fitzgerald v. United States Lines Co., 374 U.S. at 18-19, 83 S.Ct. at 1649
 
 
 [10]
 Id. at 21, 83 S.Ct. 1650
 
 
 [11]
 Panama R.R. Co. v. Johnson, supra 264 U.S. at 391, 44 S.Ct. 391; Yates v. Dann, 223 F.2d 64, 66 (3 Cir. 1955); Texas Menhaden Co. v. Palermo, 329 F.2d 579 (5 Cir. 1964); O'Brien v. U.S. Tank Ship Corp., 16 F.Supp. 478 (S.D.N.Y. 1936)
 
 
 [12]
 Leith v. Oil Transport Co., 321 F.2d 591 (3 Cir. 1963)
 
 
 [13]
 Brown v. C. D. Mallory & Co., 122 F.2d 98, 104 (3 Cir. 1941)
 
 
 [14]
 Panama R.R. Co. v. Johnson, supra, n. 4, 264 U.S. at 391, 44 S.Ct. 391
 
 
 [15]
 See Pure Oil Co. v. Suarez, 384 U.S. 202, 203-204, 86 S.Ct. 1394, 16 L.Ed.2d 474 (1966)
 
 
 [16]
 Rule C, Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure
 
 
 [17]
 Rule 73(h), Federal Rules of Civil Procedure; 28 U.S.C. 1292(a)(3)
 
 
 [18]
 Rule B, Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure
 
 
 [19]
 Rule 26(a), Federal Rules of Civil Procedure; Rev.Stat. 863-65
 
 
 [20]
 Fitzgerald v. United States Lines, supra 374 U.S. at 20-21, 83 S.Ct. 1646
 
 
 [21]
 See Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960); McAfoos v. Canadian Pacific Steamships, Ltd., 243 F.2d 270 (2 Cir.), cert. denied, 355 U.S. 823, 78 S.Ct. 32, 2 L.Ed.2d 39 (1957)
 
 
 [22]
 A dictum in Leith v. Oil Transport Co., supra 321 F.2d at 592, that a Jones Act claim and an unseaworthiness claim must be brought on the same side of the court does not preclude our permitting an unseaworthiness claim to be brought on the admiralty side, joined with a Jones Act claim at law where both are tried to a jury. The statement in Leith was made in the context of deciding that the definition in 28 U.S.C. 1391(c) of a corporation's residence for venue did not apply to venue under the Jones Act, which was overruled in Pure Oil Co. v. Suarez, supra, n. 15. The dictum had reference to the fact that the claims must be brought together to avoid res judicata. This need is met if the claims are brought on different 'sides of the court' but are tried by the same fact finder
 
 
 [23]
 383 U.S. 1029, 1031
 
 
 [24]
 Rules 1, 8(e), 18. The Advisory Committee on Maritime Rules which drafted the amendments to the Rules of Civil Procedure in which the merger of civil and admiralty rules was accomplished said in its letter of transmittal to the Committee on Rules of Practice and Procedure: 'Unification does not mean complete uniformity. There are certain distinctively maritime remedies that must be preserved, as distinctively equitable remedies were preserved in the merger of (equity and law in) 1938. In addition, history or the exigencies of maritime litigation occasionally require procedures different from those now provided by the Civil Rules.' 34 F.R.D. 331, 335
 
 
 [25]
 Rule 9(h) provides:
 'A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 26(a), 38(e), 73(h), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims. If the claim is cognizable only in admiralty it is an admiralty or maritime claim for those purposes whether so identified or not. The amendment of a pleading to add or withdraw an identifying statement is governed by the principles of Rule 15.'
 
 
 [26]
 Rule 38(e) provides:
 'These rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h).'
 
 
 [27]
 383 U.S. 1029, 1030
 
 
 [28]
 In view of the basis of our decision, we do not pass upon the effect of the belated effort of plaintiff to show that diversity existed in the citizenship of the parties. See Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 369 U.S. 355, 359-360, 82 S.Ct. 780, 7 L.Ed.2d 798 (1962); Philadelphia & R.R. Co. v. Berg, 274 F. 534, 539 (3 Cir.), cert. denied, 257 U.S. 638, 42 S.Ct. 50, 66 L.Ed. 410 (1921); Advisory Committee Note to Rule 9(h), 39 F.R.D. 69, 75