**Decided October 29, 1986**

 ·

894

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| HERMINE FUJURO MISCH, on behalf ) of KANSIANO MISCH, as well as ) on behalf of his dependents ) and family, )<br><br> Plaintiff, )<br><br> vs. )<br><br>ZEE ENTERPRISES, INC., TUNA ) CLIPPERS, INC., CASAMAR GUAM, ) INC., LAURA ANN PARTNERSHIP, ) LAWRENCE ZUANICH, DOES I ) through V, individuals and ) partners, ROE CORPORATIONS I ) through V, )<br><br> Defendants. )<br>_____ ) | CIVIL ACTION NO. 85-0023<br><br><br>DECISION AND ORDER<br><br><br>F I L E D<br>Clerk<br>District Court<br><br>OCT 2 9 1986<br><br>For The Northern Mariana Islands<br>By_____ |

This matter came before the Court on July 18, 1986, for oral argument of defendants' motion to dismiss plaintiff's complaint.

Defendants argue for dismissal on several grounds. Chief among them is that the complaint fails to state a claim upon which relief can be granted. Defendants claim that this Court lacks jurisdiction because 46 U.S.C. §688, the "Recovery for Injury to or Death of Seaman" section of the Jones Act, does not apply in the Commonwealth of the Northern Mariana Islands.

Defendants support their argument by first citing Section 503 of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United

States of America. Section 503(b) states that the "coastwise laws of the United States" will not apply to the CNMI except in the manner and to the extent made applicable to the Commonwealth by the U.S. Congress after termination of the Trusteeship Agreement. Defendants then turn to the "Section-by-Section Analysis of the Covenant" which was prepared by the Marianas Political Status Commission and released February 15, 1975. The Analysis notes that the coastwise laws are also known as the Jones Act. From this, defendants reason that since the coastwise laws are a portion of the Jones Act, and since they do not apply in the CNMI, then no portion of the Jones Act, including §688, has effect in the CNMI.

Defendants claim further support for this interpretation in Covenant §502(b). This section says that U.S. laws regarding coastal shipments and conditions, including wages and hours, do apply in the CNMI, but only to the U.S. government and its contractors.

The issue of the applicability in the CNMI of 42 U.S.C. §688 is presented to the Court for the first time. Only secondary sources are available for guidance. For example, "Welcoming America's Newest Commonwealth," the Second Interim Report of the Northern Mariana Islands Commission on Federal Laws to the Congress of the United States (August 1985), says only that the applicability of Title 46 of the United States Code "merits further study." Id. at p. 523. The Documentary Supplement to the Second Interim Report contains a lengthy

exposition but makes no mention of §688. Rather, it deals exclusively with documentation of vessels, use of foreign hulls for fishing, and citizenship requirements for owning and operating vessels in the CNMI; that is, the "coastwise laws."

However, the staff of the Northern Mariana Islands Commission on Federal Laws released, at the same time as the Second Interim Report mentioned above, a "Legal Analysis of Selected Titles of the U.S. Code." The Legal Analysis, while discussing §688, states:

> This Jones Act provision is not to be confused with other so-called Jones Act requirements relating to shipping laws as they apply to the territories.

Id. at p. 72.

In the section titled "Present Applicability" the Analysis concludes that 42 U.S.C. §688 applies to the CNMI through Covenant §502(a)(2), because §688 has force and effect in Guam. Id. at p. 73.

Based on the foregoing, the Court finds that 42 U.S.C. §688 does apply in the Commonwealth of the Northern Mariana Islands. Defendants' motion to dismiss on this ground is denied.

Plaintiff concedes that 48 U.S.C. §1694(a), which endows this Court with the "jurisdiction of a District Court of the United States," does not provide an independent basis for jurisdiction.

Plaintiff also concedes that the complaint presently lacks sufficient allegations of diversity to bring this cause

under 28 U.S.C. §1332.

The remaining issue is defendants' claim that 46 U.S.C. §688(a) provides jurisdiction only in the court in the district in which either defendant employer resides or in which the employer's principal office is located. The parties agree, and the Court concurs, that the "jurisdiction" requirement of §688(a) has been construed uniformly to mean "venue." The venue requirement must be satisfied, even if other grounds for jurisdiction exist. Leith v. Oil Transport Co., 321 F.2d 591, 592 (1963). Defendants argue that plaintiff has not alleged clearly which defendant is regarded as decedent's employee. Also, the claim fails to allege that any defendants reside or maintain their principal office within the CNMI. Dismissal would be warranted, then, because there has been no showing that venue is proper within the meaning of 42 U.S.C. §688(a).

The Court agrees that the complaint lacks specificity in this regard and grants plaintiff's somewhat belated request for leave to amend. An amended complaint shall be filed no later than twenty days from the date of this order.

The Court also advises both parties that strict adherence to this Court's rules is expected.

IT IS SO ORDERED.