GREENBERG, Circuit Judge,
dissenting:
I respectfully dissent from my colleagues’ determination that this court has jurisdiction to hear this interlocutory appeal. Because I dissent on jurisdictional grounds, I do not reach the substantive issue raised on the appeal.
An interlocutory appeal under 28 U.S.C. § 1292(a)(3) is appropriate only in a case based on admiralty jurisdiction. When a complaint sets forth allegations potentially cognizable under both the admiralty and non-admiralty jurisdiction of -the district court, it must contain a statement identifying the claim as one in admiralty in order to invoke the district court’s admiralty jurisdiction under 28 U.S.C. § 1333. See Fed.R.Civ.P. 9(h). This designation is significant, because claims arising under admiralty jurisdiction to some degree involve different procedures from claims at law, not the least of which is the denial of a jury trial. See Fed.R.Civ.P. 38(e); In re Consolidation Coal Co., 123* F.3d 126, 132 (3d Cir.1997). In determining whether the plaintiff made the admiralty jurisdiction election, courts must look to the face of the complaint to see if it contains the appropriate jurisdictional allegations. See Heilman v. United States, 731 F.2d 1104, 1111 (3d Cir.1984).
In the present case, the initial complaint states that “[t]he jurisdiction of this Court arises under the Admiralty law as modified by the Jones Act, 46 USCApp § 688, and the diversity jurisdiction of the Court, 28 USC § 1332Complaint at 2. The language in the first amended complaint parallels this allegation, but omits the reference to the Jones Act, instead stating that the court’s jurisdiction “arises under the Admiralty law and the diversity jurisdiction of the Court, 28 USC § 1332....” First Amended Complaint at 1. The reason for this omission of the Jones Act allegation is that the Foulks dropped their Jones Act claim against Breakwaters, Layne B. Foulk’s employer. The initial complaint and the first amended complaint also contain a demand for ¿'jury trial, a right which the Foulks preserved in the final pretrial order. See Complaint at 7; First Amended Complaint at 4; Joint Final Pretrial Order at 1.
In asserting an action under the Jones Act, a plaintiff can elect to sue either under admiralty jurisdiction or at law invoking federal question jurisdiction. See Yates v. Dann, 223 F.2d 64, 66 (3d Cir.1955); 14 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3677 at 492 (Supp.1997). Accordingly, because the Foulks’ original complaint alleged jurisdiction under the Jones Act, it stated a claim potentially cognizable under either admiralty or non-admiralty jur *261 isdiction. However, the complaint did not mention specifically Rule 9(h) or 28 U.S.C. § 1333; therefore, while the Foulks plainly invoked the court’s diversity jurisdiction, it is unclear whether in addition they intended to invoke the court’s admiralty jurisdiction or whether they chose to rely on the court’s federal question jurisdiction. When the Foulks amended their complaint to eliminate the Jones Act claim, this action also eliminated any potential federal question jurisdiction; but the jurisdictional question remained unclear, because they still could rely on two possible bases for jurisdiction, i.e., admiralty and diversity jurisdiction.
In discussing the language in a complaint necessary to invoke admiralty jurisdiction in cases with multiple possible bases for jurisdiction, we have held that “[t]o invoke admiralty jurisdiction ... a plaintiff must affirmatively insert a statement in the pleadings identifying the claim as an ‘admiralty or maritime claim.’ ” Fedorczyk v. Caribbean Cruise Lines, Ltd., 82 F.3d 69, 73 (3d Cir.1996); see also Bryan v. Associated Container Transp., 837 F.Supp. 633, 641-42 (D.N.J.1993) (holding that the claim was based on diversity jurisdiction and not maritime jurisdiction in part because the party did not specifically invoke maritime' jurisdiction under Rule 9(h)). However, beyond this statement, we did not provide any guidance in Fedorczyk instructive here; thus, it is appropriate to examine decisions of other courts that have confronted this problem to determine what our rule should be.
The Court of Appeals for the Fifth Circuit has crafted a liberal rule regarding the language necessary to elect admiralty jurisdiction under Rule 9(h). See T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc., 702 F.2d 585, 587-88 (5th Cir.1983) (holding that an allegation that “[t]his is also a suit for breach of a maritime contract and for maritime tort” was sufficient to invoke admiralty jurisdiction). Under this rule, the complaint does not have to mention Rule 9(h) specifically, see Bodden v. Osgood, 879 F.2d 184, 186 (5th Cir.1989); instead, the complaint only need contain “a simple statement asserting admiralty or maritime claims.” Teal v. Eagle Fleet, Inc., 933 F.2d 341, 345 (5th Cir.1991) (quoting T.N.T. Marine, 702 F.2d at 588). However, not every complaint that contains allegations relating to admiralty should be considered to have invoked admiralty jurisdiction. Instead, courts must look to the “totality of the circumstances” of the case. Bodden, 879 F.2d at 186.
The Court of Appeals for the First Circuit also has held that the mention of Rule 9(h) is not .required. In Concordia Co. v. Panek, 115 F.3d 67, 72 (1st Cir.1997), the court held that to invoke admiralty jurisdiction, “the preferred technique is to invoke expressly Rule 9(h),” but the court did not require litigants to do so. Instead, the court examined the pleadings, which stated that the claim was “In Admiralty,” and concluded that this language was sufficient to invoke admiralty jurisdiction in light of the fact that the litigant did not demand a jury trial. Id.
The Court of Appeals for the Ninth Circuit has not adopted such a liberal rule, but it also has not required the specific mention of Rule 9(h). In Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1559 (9th Cir.1987), the amended complaint contained a claim seeking relief under the “Jones Act and General Maritime Law.” The amended complaint did not invoke admiralty jurisdiction; instead, the plaintiff “was careful to invoke federal jurisdiction only under 28 U.S.C. § 1331.” Id. The court held that such language was insufficient to invoke admiralty jurisdiction, because the plaintiff elected only to invoke jurisdiction under the “law” side rather than on the “admiralty side.” Id.; see generally Owens-Illinois, Inc. v. United States Dist. Court for W. Dist. of Wash., 698 F.2d 967, 972 n. 2 (9th Cir.1983). (reasoning that requiring a statement specifically mentioning Rule 9(h) to invoke admiralty jurisdiction seems to be the correct rule, but holding that the court did not need to reach the question). Thus, even though the court did not require the specific mention of Rule 9(h), the Court of Appeals for the Ninth Circuit seems to have adopted a stricter pleading standard than the Courts of Appeals for the Fifth and First Circuits.
Although the Court of Appeals for the Fourth Circuit has not ruled on this issue, a *262 number of district courts within that circuit have required the specific mention of Rule 9(h) in order to invoke admiralty jurisdiction in cases with multiple bases for jurisdiction. See Lewis v. United States, 812 F.Supp. 620, 628 (E.D.Va.1993) (requiring a specific mention of Rule 9(h)); see also Banks v. Hanover Steamship Corp., 43 F.R.D. 374, 376-77 (D.Md.1967) (requiring a specific statement of admiralty jurisdiction). Thus, these rulings have established the strictest standard among the federal courts that have addressed this issue.
After reviewing these eases and the specific facts of this ease, I would hold that we should be somewhat exacting in our view of the pleadings with regards to invoking admiralty jurisdiction in cases involving more than one potential jurisdictional base. While under .the Federal Rules of Civil Procedure “[n]o technical forms of pleading or motions are required,” Fed.R.Civ.P. 8(e)(1), it is important for a plaintiff to alert the district court that he or she intends to invoke the court’s admiralty jurisdiction. If the plaintiff wishes to invoke admiralty jurisdiction and its accompanying procedures in a ease involving more than one potential jurisdictional base, the plaintiff should be required to state specifically that the claim is “an admiralty or maritime claim within in the meaning of Rule 9(h).”5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1313 at 719 (2d ed.1990). As Professor Thomas J. Schoenbaum has stated:
If, however, the claim is cognizable not only in admiralty but also on some other ground of federal jurisdiction (such as diversity), the pleader is put to an election whether to invoke the special admiralty procedures and remedies. To plead an admiralty or maritime claim in such a ease, the pleading must, in addition to the admiralty jurisdictional allegations, contain an identifying statement (or its equivalent) as follows: This is an admiralty or maritime claim within the meaning of Rule 9(h). If this identifying statement is not made, the claim may be treated as a non-maritime civil action.
Thomas J. Schoenbaum, Admiralty and Maritime Law § 21-1 at 467 (2d ed.1994) (emphasis in original) (footnotes omitted).
This case, of course, involves the precise situation which Schoenbaum describes. Application of the rule as set forth by Schoenbaum would place the court and the other litigants on notice that the plaintiff intends to invoke the admiralty jurisdiction of the district court. Such a rule requiring the complaint to mention Rule 9(h) is not unduly harsh, as the plaintiff can control the situation completely with his or her pleadings. Because the Foulks failed to mention Rule 9(h), I would hold that they did not make the required election under that rule and therefore would dismiss this appeal for lack of jurisdiction.
In holding that no such statement is required, the majority relies on the language of Rule 9(h) (emphasis added) which provides:
A pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the' jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82, and the Supplemental Rules for Certain Admiralty and Maritime Claims____
The majority contends that the use of the word “may” demonstrates that specific invocation of Rule 9(h) is not necessary; however, in my view this argument is unfounded. This aspect of Rule 9(h) describes a case where, as here, a party may invoke multiple potential bases for jurisdiction—admiralty jurisdiction and one or more other jurisdictional bases, i.e., federal question or diversity jurisdiction. Specifically, after the filing of the first amended complaint, the Foulks could rely on diversity jurisdiction as an alternative to admiralty jurisdiction. In this dual or multiple jurisdictional setting, Rule 9(h) does not require plaintiffs to invoke admiralty jurisdiction; instead, it provides them with a choice—they can rely either on admiralty jurisdiction or another jurisdictional ground. The use of the word “may” in Rule 9(h) refers to this choice.
*263 Plaintiffs “may” invoke admiralty jurisdiction or in an appropriate case they may chose to rely on federal question or diversity jurisdiction. To do the latter, they merely do not invoke Rule 9(h). Thus, contrary to the majority’s reasoning, the specific wording in Rule 9(h), particularly the use of “may,” leads to the conclusion that a plaintiff specifically must invoke the court’s admiralty jurisdiction for the case to be in admiralty if it is otherwise within the jurisdiction of the district court. “May” simply means that when both admiralty and other jurisdictional bases are available, the plaintiff has the option to select admiralty jurisdiction. See Fed.R.Civ.P. 9 advisory committee’s note (1966 Amendment) (noting that after the unification of the rules of procedure, “the pleader must be afforded some means of designating his claim as the counterpart of the present suit in admiralty, where its character as such is not clear.”). “May” surely does not mean that a plaintiff can select admiralty jurisdiction either expressly or covertly and leave the court and the other parties guessing as to the plaintiff’s intentions.
Even using the more liberal standard' of the majority, I would not hold that the Foulks, in fact, did invoke admiralty jurisdiction in view of the totality of the circumstances involved in this case. Here, as was true of the plaintiff in Trentacosta, the Foulks were careful not to invoke admiralty jurisdiction under Rule 9(h).- Instead, the original complaint referred to the Jones Act and federal diversity jurisdiction, and specifically did not mention admiralty jurisdiction. After all, to say, as did the Foulks, that the “jurisdiction of this Court arises under Admiralty law as modified by the Jones Act” is not to invoke admiralty jurisdiction because, as I set forth above, a Jones Act case can be brought in the district court without invoking admiralty jurisdiction. What the Foulks did not say is that they are bringing the case invoking the admiralty jurisdiction of the district court. The Foulks’ first amended complaint did not clarify the situation for while they did allege that the court’s jurisdiction “arises under the Admiralty law,” they also invoked the court’s diversity jurisdiction; and eases under admiralty láw can be brought in a district court under its diversity jurisdiction. See, e.g., Continental Cas. Co. v. Canadian Universal Ins. Co., 605 F.2d 1340, 1344 (5th Cir.1979) (“A maritime issue may be raised in a diversity suit; this is one significance of the savings-to-suitors clause, 28 U.S.C. § 1333, which permits a litigant to obtain federal jurisdiction over, and jury resolution of, an admiralty question by invoking federal jurisdiction on an independent basis.”). Thus, this language in the first amendéd complaint could be interpreted as relying solely on diversity jurisdiction and not intending to rely on admiralty jurisdiction at all. I emphasize that the Foulks did not specify that they were bringing the case under the court’s admiralty jurisdiction; and therefore, the majority is wrong when it indicates that the “Foulks alleged both diversity and admiralty jurisdiction.” Slip Opinion at 3.
Furthermore, the Foulks requested a jury trial on the issues contained in the complaint. Such a request is inconsistent with admiralty jurisdiction, and it lends credence to the conclusion that the plaintiff conceived of the claim as being at law rather than under the district court’s admiralty jurisdiction. See Concordia, 115 F.3d at 72 (“One important factor in determining whether a claimant has elected to proceed in admiralty is whether he demanded a jury trial.”); Sanders v. Seal Fleet, Inc., 998 F.Supp. 729, 734-35, (E.D.Tex.1998) (holding that the action was under the court’s federal question rather than admiralty jurisdiction, because the plaintiff demanded a jury trial and his complaint invoked the court’s jurisdiction under the Jones Act and general maritime law rather than specifically pleading Rule 9(h)); see also In re Consolidation Coal, 123 F.3d at 132 (noting that “[t]here is no right to a jury in actions instituted in admiralty ” (citation omitted)). Are we to believe that insofar as the Foulks invoked diversity jurisdiction they are entitled to a jury trial while at the same time for the same claim they are entitled to a bench trial in admiralty? As far as I am concerned, the Foulks did not invoke admiralty jurisdiction, and I therefore would dismiss the appeal for lack of jurisdiction.'
*264 To support its determination, the majority cites the pretrial order and Donjon’s Rule 14(c) motion as evidence of the Foulks’ selection of admiralty jurisdiction. However, this evidence is unpersuasive. First, the pretrial order did not restrict the court’s jurisdiction only to admiralty, as the majority suggests. The order stated that the court’s jurisdiction arose under “Admiralty Law as modified by the Jones Act 46 USCApp § 688.” In spite of the majority’s assertion, this language does not demonstrate that the parties wished to invoke admiralty jurisdiction because as I noted previously, a plaintiff can bring claims under the Jones Act either in admiralty or at law. Moreover, as I explain below, the pretrial order discloses nothing about the Foulks’ choice of jurisdiction. Therefore, although the statement in the pretrial order mentions admiralty law as modified by the Jones Act, in my view this reference demonstrates nothing useful for the issue at hand. I reiterate that there is no reason to assume that a case under “Admiralty Law as modified by the Jones Act” is under the admiralty jurisdiction.
Second, with regard to the Rule 14(c) motion, actions by a defendant should not control the question of whether a plaintiff meant to invoke admiralty jurisdiction. It was, after all, Donjon and not the Foulks who brought the Jones Act claim to which the pretrial order refers, as the Foulks abandoned their Jones Act claim when they filed their first amended complaint. The question of what jurisdiction the plaintiff has invoked more properly is resolved by examining the pleadings and actions of the plaintiff, not the defendant. See generally Bryan, 837 F.Supp. at 641 (“[T]he application of maritime law to a plaintiff’s claims is a matter about which a plaintiff exercises a degree of control.”). A defendant, by filing a third party complaint cannot change the jurisdictional basis for a plaintiff’s complaint. Considering all of the circumstances of the case and giving more weight to the pleadings and actions of the Foulks, this evidence regarding the Rule 14(c) motion is not sufficient to establish that they meant to invoke the admiralty jurisdiction of the district court.
In a case involving both admiralty and non-admiralty bases of jurisdiction, if a plaintiff wishes to invoke admiralty jurisdiction, he. or she should be required to make that election in a clear statement specifically invoking Rule 9(h) in order to avoid procedural problems that otherwise could arise later, such as a dispute over whether there should be a jury trial or, as here, over whether a court of appeals has jurisdiction over an interlocutory appeal. Is it too much to ask that a plaintiff be clear on this fundamental point? The adoption of my position would mean that disputes of the procedural and jurisdictional kind involved on this appeal will become of historical interest only. Moreover, in view of the rather limited size of the admiralty bar, I am confident that a rule requiring specific reference to Rule 9(h) would become widely known to interested parties and would not become a trap for the unwary plaintiff, particularly because a plaintiffs failure to invoke Rule 9(h) is likely to preserve his or her right to a jury trial. I repeat, however, that even applying the liberal rule utilized by the majority in this case, I would hold that the Foulks have not invoked the admiralty jurisdiction of the district court.
As a result of the majority’s opinion, the Foulks face a problem that they may not recognize they have. Both of the complaints and the final pretrial order preserved then-demand for a jury trial, and presumably the parties were ready to proceed on that basis. However, prior to trial, Donjon filed this appeal, in which the Foulks joined, in response to the district court’s partial grant of summary judgment. In assuming jurisdiction over this interlocutory appeal, the majority finds that this case rests on the admiralty jurisdiction of the court. As a result, presumably the Foulks have lost any right to a jury trial.[1] Based on their consistent de *265 mands for a jury trial, I cannot believe that the Foulks intended to abandon that request. In the circumstances, the Foulks by joining in this appeal may have brought about a classic operation of the doctrine of unintended consequences.
For the foregoing reasons, the interlocutory appeal should be dismissed for lack of jurisdiction. Therefore, I respectfully dissent.

. The majority specifically does not reach this question, instead stating that this issue will have to be decided “at a later date” in reliance on the "relevant legal precedent including Fitzgerald v. United States Lines Co., 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963) and Haskins v. Point Towing Co., 395 F.2d 737 (3d Cir.1968).” Opinion at 260 n. 7. While I agree that such a determination will have to be made in the future, the result is preordained and neither Fitzgerald *265 nor Haskins will help the Foulks to preserve their jury trial demand. Both Fitzgerald and Haskins involved Jones Act claims brought 'at law that had been coupled with other admiralty claims. See Haskins, 395 F.2d at 739-41. Because the Jones Act claim had been brought at law, and not in admiralty, the plaintiffs were entitled to receive a jury trial as to all issues, including the pendent maritime claims. However, 'this case is fundamentally different, because the majority has determined that the Foulks’ claims arose under the admiralty jurisdiction of the court. As we pointed out in Haskins “the Jones Act has been construed to permit a Jones Act claim for negligence to be maintained as an independent admiralty action.” Id. at 741. Since this case is governed solely by the court's admiralty jurisdiction rather than an alternative non-admiralty basis for jurisdiction such as existed in Fitzgerald and Haskins, the Foulks cannot rely on that precedent to demand a jury trial.