75 N.J. Super. 271 (1962)
183 A.2d 111
REGINA DOMBROWSKA, PLAINTIFF-APPELLANT,
v.
KRESGE-NEWARK, INC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 11, 1962.
Decided June 29, 1962.
Before Judges PRICE, SULLIVAN and LEWIS.
*272 Mr. Edward A. Reilly, Jr., argued the cause for plaintiff-appellant (Mr. Robert J. Vogel, Jr., attorney; Mr. Robert F. Colquhoun, of counsel).
Mr. Sidney M. Schreiber argued the cause for defendant-respondent (Messrs. Schreiber, Lancaster & Demos, attorneys; Mr. Schreiber, of counsel; Mr. Leonard Weinglass, on the brief).
The opinion of the court was delivered by PRICE, S.J.A.D.
In a negligence action plaintiff appeals from a judgment of dismissal entered by the County Court, Law Division, on the motion of defendant. Defendant's motion was made at the end of the entire case and the court reserved decision thereon pursuant to R.R. 4:51-2(a). After the jury had failed to reach a verdict and was discharged, defendant renewed its motion which was then granted by the court. On this appeal plaintiff argues that sufficient proofs were produced to require that the jury resolve the issue of defendant's asserted negligence.
Plaintiff had been an employee of the operator of a beauty salon concession, located on the fourth floor of defendant's store, for a period in excess of 12 years preceding November 18, 1958, the date of the accident. At the conclusion of work about 5:40 P.M. on that day plaintiff, following her usual custom, stepped onto the escalator descending from the fourth to the third floors. She testified that she took hold of the hand rail with her right hand and stepped onto the escalator, first with her left and then with her right foot. She had a "small paper bag" in her left hand and a pocketbook "around" her left arm.
Plaintiff described the movement of the escalator as slow and stated that she "must have gone down about three steps where it really starts to form into a step" when she felt "a jerk and a vibration of some sort." That motion of the escalator, plaintiff testified, caused her to fall and thereby *273 sustain injury. There were no witnesses to the accident. Plaintiff's treating physician, who testified at the trial, stated that plaintiff in giving the "history" of the accident had stated: "November 17 I fell down the escalator in Kresge department store. Pocketbook it slipped and I lost my balance * * *."
One Sten Carlson, an employee of defendant engaged in maintenance of escalators, was called as a witness for plaintiff. After relating the general nature of the work he performed upon the escalators, Carlson testified that occasionally one of the wheels (numbering approximately 280) underneath the steps of each escalator becomes worn and requires replacement. He stated that a worn wheel will cause a "little bumpy" motion of the escalator. No evidence was presented that any of the aforesaid wheels on the escalator in question was in a worn condition on November 18, 1958.
One Isaac Stewart, a consulting engineer, testified as an expert for defendant. He outlined his knowledge of escalator operation and described in detail the construction of the type of escalator here involved. He had also inspected the escalator in question. His testimony was substantially in accord with Carlson's description of the effect produced by a worn escalator wheel, but limited the extent of the resulting vibration to a movement in the "magnitude" of "a thousandth of an inch." Furthermore, the witness testified that any sideward motion of an escalator step was limited to one-quarter inch because of the escalator's construction. In this connection he furnished a detailed description of the operation of the escalator wheels which, he said, "ride on metal channels" along an "angle iron track," and stated that the escalator "steps themselves move within one-eighth of an inch from the side balustrade"; that the "total width of the step, is only one-quarter of an inch less. That's an eighth of an inch on each side less than the width of the space within which it moves."
Another witness produced by defendant was one of its employees who was a "maintenance mechanic for elevators *274 and escalators" at defendant's store. He testified concerning general maintenance procedures relative to the escalators.
In assaying the validity of the trial court's ruling on defendant's aforesaid motion for a judgment of dismissal, we apply the well settled principle that on such a motion "the trial court cannot weigh the evidence but must accept as true all evidence which supports the view of the party against whom the motion is made and must give him the benefit of all legitimate inferences which are to be drawn therefrom in his favor." Mellon v. Pennsylvania-Reading Seashore Lines, 7 N.J. 415, 419-420 (1951); Cafone v. Spiniello Construction Co., 42 N.J. Super. 590, 598-599 (App. Div. 1956), certif. denied 23 N.J. 258 (1957). So considered, we conclude that the trial court acted properly in granting defendant's motion for a judgment of dismissal.
Preliminarily we note that although appellant's counsel on oral argument before us specifically disclaimed any reliance on the doctrine of res ipsa loquitur, certain portions of his brief, without specifically mentioning the doctrine, seem to rely thereon. We find no justification for the application thereof to the facts revealed by the record before us. The doctrine of res ipsa loquitur may not properly be applied to the case at bar because the occurrence as described by plaintiff was not one which in "itself ordinarily bespeaks negligence." Bornstein v. Metropolitan Bottling Co., 26 N.J. 263, 269 (1958).
An escalator is a moving stairway. Its function involves motion. A "jerk" or "vibration" of such instrumentality while in operation, absent some evidence that such jerk or vibration was unusual, is not proof of malfunction. The record before us contains no evidence of malfunction.
Plaintiff's affirmative proofs were apparently intended to suggest that the "jerk" in the escalator was caused by a deteriorated condition, viz., a worn wheel. While there was proof that a worn wheel could cause a vibration in an escalator step (a movement described by Carlson as "a little bumpy"), there was absolutely no proof that a worn wheel *275 existed in the escalator in question. It would be sheer speculation for a jury to infer that a worn wheel in fact did exist and produced the "jerk and a vibration of some sort," alleged by plaintiff to have caused her fall. Further, there was no evidence that defendant's inspections of the escalator (described in detail at trial) were either unreasonably infrequent or superficial. Consequently there was no indication whatever that a dangerous condition existed over a period of time sufficient to put defendant on notice. The record was devoid of any evidence that there had been any prior or subsequent complaints of any unusual movement of the escalator in question.
Under the proofs a jury could not reasonably have inferred that defendant was negligent. The judgment of dismissal was proper.
Affirmed.