

1996 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-26-1996

# Pro v. Donatucci

Precedential or Non-Precedential:

Docket 95-1803

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1996

Recommended Citation

"Pro v. Donatucci" (1996). *1996 Decisions.* Paper 204.
http://digitalcommons.law.villanova.edu/thirdcircuit_1996/204

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1996 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 95-5462


ELIZABETH FEDORCZYK,

Appellant

v.

CARIBBEAN CRUISE LINES, LTD; ROYAL
CARIBBEAN CRUISES, LTD.; ROYAL CARIBBEAN;
ANDERS WILHELMSEN AND COMPANY;
KJELL KARLSEN


On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 92-cv-04271)


Argued March 13, 1996

BEFORE:  STAPLETON, SCIRICA and COWEN,
Circuit Judges

(Filed April 26, 1996)

Todd B. Eder (argued)
Garruto Cantor
180 Tices Lane
East Brunswick, New Jersey  08816

        COUNSEL FOR APPELLANT

John P. Flanagan (argued)
Barry & McMoran
One Newark Center
18th Floor
Newark, New Jersey  07102

        COUNSEL FOR APPELLEES

**OPINION OF THE COURT**


1

COWEN, Circuit Judge.

This case arises from a slip and fall incident in a bathtub aboard the M/V Sovereign, a vessel operated by defendants Caribbean Cruise Lines, Ltd. and Royal Caribbean Cruises, Ltd., et al. ("Royal Caribbean"). The district court granted Royal Caribbean's motion for summary judgment, holding that plaintiff Elizabeth Fedorczyk did not provide any evidence to support her claim that Royal Caribbean's failure to provide adequate abrasive strips in its bathtub was the proximate cause of her injuries. Because we agree with the district court that the evidence presented does not create a material issue of fact as to causation, which is an essential element of the tort of negligence, we will affirm the June 26, 1995 order of the district court.

**I.**

The following facts are not disputed. Fedorczyk sailed from Miami aboard the Sovereign, a cruise ship operated by Royal Caribbean. While on board she went to the pool area, applied sunscreen to her body, sunned herself, and swam in the pool. After approximately two hours Fedorczyk returned to her cabin to take a shower. She turned on the water, stepped into the middle of the bathtub and started to soap herself, at which time she slipped and fell onto the floor of the tub.

The tub in her cabin was about five and one-half feet long and two-feet, four-inches wide. It had four anti-skid

2

strips, each running from the middle to the back of the tub. Fedorczyk has no recollection whether her feet were on or off the abrasive strips at the time of her fall. The tub was also equipped with a grab rail which Fedorczyk made a failed attempt to reach when she fell. After the accident she returned to the bathtub to ascertain the cause of the accident. She re-entered the tub and discovered that there was sufficient space between the abrasive strips so that her feet could just fit in between them. However, she does not know where her feet were at the time of the accident.

Fedorczyk's expert, an architect, testified that at the time he examined the bathtub, there were seven as opposed to four abrasive strips. Even with the seven abrasive strips, according to the expert, Royal Caribbean failed to provide a sufficiently large area of non-slip surface to permit its safe use. He based his finding on the fact that the tub failed to comply with the Consumer Products Safety Commission's standard for slip-resistant bathing facilities. This standard specifies that for any surface that is textured or treated with appliques, the pattern shall be such that a one and one-half by three inch rectangular template placed anywhere thereon shall cover some textured or treated area.

The expert also testified that beyond certain safety measures, there is no definite way of preventing slips altogether, and that falls can happen under any circumstances. He stated that the presence of bath oils and soap are large variables that can skew the correlation between the amount of

3

textured surface area and safety. He concluded that Royal Caribbean deviated from an acceptable standard of care in failing adequately to treat or texturize the tub, and that the spacing between the nonslip strips was the direct cause of Fedorczyk's injuries.

## II.

The district court had jurisdiction pursuant to 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. §1291. "When reviewing an order granting summary judgment we exercise plenary review and apply the same test the district court should have applied." Armbruster v. Unisys Corp., 32 F.3d 768, 777 (3d Cir. 1994). "Under Federal Rule of Civil Procedure 56(c), that test is whether there is a genuine issue of material fact and, if not, whether the moving party is entitled to judgment as a matter of law." Id. (quoting Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). "In so deciding, the court must view the facts in a light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Fed. R. Civ. P. 56(c)." Id. (quoting Gray, 957 F.2d at 1078.)

## III.

### A.

We first consider which substantive law applies. Fedorczyk's negligence cause of action, for the purposes of this matter, could have been brought under either admiralty or diversity jurisdiction. Substantive maritime law applies to a

4

cause of action brought in admiralty. East River S.S. Corp. v. TransAmerica DeLeval, Inc., 476 U.S 858, 864, 106 S. Ct. 2295, 2298 (1986). If brought under diversity of citizenship, the forum state's choice of law rules dictate which state law applies. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 61 S. Ct. 1020 (1941). Admiralty jurisdiction apparently exists since the injury occurred on navigable waters, Foremost Ins. Co. v. Richardson, 457 U.S. 668, 673, 102 S. Ct. 2654, 2657 (1982), and the incident has a nexus to "traditional maritime activity." Sisson v. Ruby, 497 U.S. 358, 110 S. Ct. 2892 (1990); Executive Jet Aviation, Inc. v. City of Cleveland, Ohio, 409 U.S. 249, 253–254 (1972). A plaintiff with a claim cognizable in the district court's admiralty jurisdiction and actionable on other jurisdictional grounds may invoke whichever jurisdiction desired. Fed. R. Civ. P. 9(h). To invoke admiralty jurisdiction, however, a plaintiff must affirmatively insert a statement in the pleadings identifying the claim as an "admiralty or maritime claim." Id.; Bodden v. Osgood, 879 F.2d 184, 186 (5th Cir. 1989).

Fedorczyk neither pled nor otherwise invoked the admiralty jurisdiction of the district court in the proceedings below. She filed her original complaint in state court, alleging causes of action under negligence and breach of implied and express warranties. Royal Caribbean removed the case to federal district court on the basis of diversity jurisdiction. The complaint was not amended to invoke admiralty jurisdiction. The district court entered a pretrial order without objection from

5

the parties stating that the jurisdictional predicate was diversity of citizenship. It subsequently dismissed the case on summary judgment due to Fedorczyk's failure to prove that the defendants' negligence was the proximate cause of her injury. The plaintiff is the master of her complaint, and she never invoked admiralty jurisdiction. Indeed, the parties agreed at oral argument they are satisfied with the application of New Jersey state law. It is New Jersey law that we will apply.

**B.**

For Fedorczyk to prevail on her negligence claim, in addition to proving that Royal Caribbean was negligent, she must also prove that the Royal Caribbean's negligence caused her injury. Kulas v. Public Serv. Elec. and Gas Co., 196 A.2d 769, 772 (N.J. 1964). Causation includes cause in fact and legal causation, which is often referred to as proximate cause. Courts have often conflated cause in fact and legal causation into "proximate cause," but the two are conceptually distinct. W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 41, at 263 (5th ed. 1984) ("PROSSER") ("There is perhaps nothing in the entire field of law which has called forth more disagreement . . . [and] confusion.").

Causation in fact depends on whether an act or omission played a material part in bringing about an event. An act or omission is not regarded as a cause in fact of an event if the particular event would have occurred without it. PROSSER, supra,

§ 41 at 265; Kulas, 196 A.2d at 772. When more than one act or omission could have caused an event, then the negligent conduct must be shown to have been a substantial factor in causing the harm. RESTATEMENT (SECOND) OF TORTS § 432(2) (1965). See HARPER & JAMES, LAW OF TORTS § 20.2, at 1110, 1114 n.18 (1956). The New Jersey Supreme Court has adopted these principles. State of New Jersey, Dep't of Envtl. Protection v. Jersey Central Power & Light Co., 351 A.2d 337, 342 (N.J. 1976); Kulas, 196 A.2d at 769.

On the issue of causation, as on any other essential element of the tort of negligence, the plaintiff has the burden of proof. Long v. Landy, 171 A.2d 1, 6 (N.J. 1961); Hansen v. Eagle-Picher Lead Co., 84 A.2d 281, 284 (N.J. 1951); PROSSER, supra, § 41, at 269. It is axiomatic that "the mere showing of an accident causing injuries is not sufficient from which to infer negligence. Negligence is a fact which must be proved; it will not be presumed." Hansen, 84 A.2d at 284. The plaintiff must introduce evidence which provides a reasonable basis for the conclusion that it was more likely than not that the negligent conduct of the defendant was a cause in fact of the injury. PROSSER, supra, § 41, at 269.

The core problem for Fedorczyk is she is unable to prove that the negligence of Royal Caribbean in fact caused her injury. Fedorczyk's expert testified that a person may fall in a bathtub under ordinary circumstances and the presence of bath oil and soap are "great variables" that could have caused the fall. Fedorczyk could have fallen in the bathtub for reasons other than Royal Caribbean's negligence. Therefore, Fedorczyk must show

7

that Royal Caribbean's negligence was a substantial factor in causing her injury. Fedorczyk concedes that if she had been standing on any of the four abrasive strips at the time of the accident, she could not establish Royal Caribbean's failure to provide adequate stripping was the cause of her injuries.

Fedorczyk has not provided any direct evidence that the lack of abrasive surface in the bathtub caused her accident. Instead, Fedorczyk relies solely upon what she asserts is circumstantial proof of causation. Circumstantial evidence when used to reason deductively in civil cases is defined as "a preponderance of probabilities according to the common experience of mankind." Bornstein v. Metropolitan Bottling Co., 139 A.2d 404, 411 (N.J. 1958); Hansen, 84 A.2d at 284. The circumstances must be strong enough "that a jury might properly, on the grounds of probability rather than certainty, exclude the inferences favorable to the defendant." Jackson v. Delaware, L.& W. R.R. Co., 170 A. 22, 24 (N.J. 1933). See Hansen, 84 A.2d at 284 ("the evidence must be such as to justify an inference of probability as distinguished from . . . mere possibility") (citing Callahan v. National Lead Co., 72 A.2d 187, 189 (N.J. 1950)); see also Kulas, 196 A.2d at 773 ("[Causation] may rest upon legitimate inference, so long as the proof will justify a . . . logical inference as distinguished from mere speculation.") (internal quotation marks and citation omitted); Kahalili v. Rosecliff Realty, 141 A.2d 301, 307 (N.J. 1958) ("'Reasonable probability' is the standard of persuasion"); PROSSER, supra, § 41, at 269.

Circumstantial evidence when used to prove negligence

8

must be distinguished from the doctrine of <u>res ipsa loquitur</u>. The doctrine of <u>res ipsa loquitur</u> combines circumstantial evidence with a presumption on the burden of proof. It states that in certain cases the circumstantial evidence is sufficient for negligence to be presumed, and the burden of proof shifts to the defendant to rebut some element of the case. <u>Res ipsa loquitur</u> is "grounded in the sound procedural policy of placing the duty of producing evidence on the party who has superior knowledge or opportunity" to explain the causative circumstances. <u>Id.</u> The doctrine is applicable when: (1) the occurrence itself ordinarily bespeaks negligence; (2) the instrumentality was within the defendant's exclusive control; and (3) there is no indication that the injury was the result of the plaintiff's own voluntary act or neglect. <u>Buckelew v. Grossbard</u>, 435 A.2d 1150, 1157 (N.J. 1981) (citing <u>Bornstein</u>, 139 A.2d at 469). Here, Fedorczyk concedes that <u>res ipsa loquitur</u> does not apply. We agree. The injury resulting from falling in a bathtub does not bespeak negligence, nor was the cause of the injury something which necessarily lay within the Royal Caribbean's exclusive control. Thus Fedorczyk may not rely on the mere happening of the accident as <u>prima facie</u> proof of causation in fact.

Fedorczyk may still prove negligence through circumstantial evidence, even though the doctrine of <u>res ipsa loquitur</u> does not apply. <u>Menth v. Breeze Corp</u>, 73 A.2d 183, 187 (N.J. 1950). Fedorczyk presents the following circumstantial evidence. After the accident, she discovered that her feet could fit between the strips. Fedorczyk also testified that she was in

9

the middle of the tub at the time of the accident.  Finally, her expert opined that based on his inspection of the tub and the evidence in the record, Royal Caribbean's failure to adequately strip the tub caused Fedorczyk's injuries.

Even though we must draw all legitimate inferences in Fedorczyk's favor, the inference that she was standing between the strips at the time of the accident, because her feet could fit between the strips, is not an appropriate inference to be drawn.  The possibility of the existence of an event does not tend to prove its probability.  See Dombrowska v. Kresge-Newark, Inc., 183 A.2d 111 (N.J. Super. App. Div. 1962) (evidence that worn wheel could cause accident insufficient to take to a jury the issue of whether an injury was likely to have been caused by wheel malfunction); see also Dziedzic v. St. John's Cleaners and Shirt Launderers Inc., 249 A.2d 382 (N.J. 1969) (since no evidence introduced on the issue of how plaintiff's positioning in a truck increased her injury in resulting from an automobile accident, jury could only speculate as to whether plaintiff's contributory negligence caused her injuries).

The testimony that Fedorczyk was standing in the middle of the tub also says nothing about whether it was more probable than not that she was standing between the strips when she fell. The four strips were placed parallel to the long dimension of the tub, running one and one-half feet from the back end of the tub to the middle.  Standing in the middle of the tub does not provide any relevant information on whether she was standing on or between the strips.

10

Finally, the expert's conclusion that the failure to adequately strip the tub caused Fedorczyk's accident was not legally admissible. An expert opinion is not admissible if the court concludes that an opinion based upon particular facts cannot be grounded upon those facts. 1 McCORMICK ON EVIDENCE, § 13, at 56 (John William Strong, ed. 1992). In order for an expert opinion to be admissible, the technique the expert employs in formulating an opinion must be reliable. In re Paoli R.R. Yard PCB Lit., 35 F.3d 717, 741 (3d Cir. 1994), cert. denied, sub nom., General Elec. Co. v. Ingram, 115 S. Ct. 1253 (1995). In contrast, if an expert opinion is based on speculation or conjecture, it may be stricken. 1 McCORMICK, supra, § 13, at 56 n.15.

Fedorczyk's expert testified that if there had been more stripping, it would be more likely that she would not have fallen. He went on to conclude that the absence of strips caused her to fall. We agree that the more stripping there is in the tub, the less likely it is a person would fall because of inadequate stripping. However, the expert's opinion that inadequate stripping caused Fedorczyk's injuries is not based on any direct or circumstantial evidence of where she was standing when she fell. It is speculative to conclude that the inadequate stripping caused Fedorczyk's injuries when no evidence in the record indicates where Fedorczyk was standing in the tub. It is also speculative to infer that Fedorczyk was standing between the strips at the time of the accident solely from the fact that she fell. Because the expert's conclusion is based on pure

11

speculation, rather than a reasonable inference, it is without foundation and is inadmissable.

A portion of the bathtub had nonskid stripping and a portion of it did not have the stripping. No evidence presented tends to prove Fedorczyk was standing either on or off the stripping at the time she fell. Without such evidence, the jury is left to speculate whether Royal Cruise's negligence was the cause in fact of her injury. "A mere possibility of causation is not enough; and when the matter remains one of pure speculation or conjecture, or the probabilities are at best evenly balanced, it becomes the duty of the court to direct a verdict for the defendant." *Restatement (Second) of Torts* § 433B (1965).

A hypothetical illustrates the point. A company provides a stairway in which some of the stairs are defective and some are in fine condition. A person falls on the steps, but does not know which step she fell on. No evidence is introduced that tends to prove she stepped on the defective step. The injured party simply testified that she walked down the steps and fell. We may not reasonably infer that the defective steps probably caused her injury merely because she may have stepped on a defective stair. Without evidence establishing a likelihood that the injured party stepped on the defective stair, a jury would be left to speculate as to the cause of the injury. Simply put, increased risk of harm due to a defendant's negligence, standing alone, does not permit an inference that an injury, more probably than not, was caused by the negligence.

**IV.**

Fedorczyk has failed to provide any direct or circumstantial evidence of how Royal Caribbean's admitted failure to adequately strip the bathtub caused her injury. Without providing any evidence tending to show where Fedorczyk was standing when she fell, she is unable to create a material issue of fact regarding causation. Based on the evidence presented, a jury could only speculate whether Fedorczyk's injuries were caused by the inadequate stripping. We will affirm the order of the district court granting summary judgment for the defendant.

FEDORCZYCK v. CARRIBEAN CRUISE LINES, LTD.,

No. 95-5462

STAPLETON, Circuit Judge, Dissenting:

Because I conclude that Fedorczyck has produced sufficient evidence to allow a reasonable jury to infer causation, I would reverse and remand for trial.

Comment b to Restatement (Second) of Torts § 433B (1965) is directly on point:

> The fact of causation is incapable of mathematical proof, since no man can say with absolute certainty what would have occurred if the defendant had acted otherwise. If, as a matter of ordinary experience, a particular act or omission might be expected to produce a particular result, and if that result has in fact followed, the conclusion may be justified that the causal relationship exists. In drawing that conclusion, the triers of fact are permitted to draw upon ordinary human experience as to the probabilities of the case.

Illustration 3, which provides an example of the application of this principle, is similar to the present case:

> The A Railroad Company fails to use reasonable care to light a steep and winding stairway leading from its waiting room to the train platform. B, an elderly and corpulent woman, is in the room waiting for a train. The attendant calls out the train. B hurries down the steps, and misses her footing in the dusk on the unlighted stair, falls, and is injured. On the basis of common experience

14

that absence of light increases the likelihood of such a fall, and that people do not ordinarily fall on properly lighted stairs, it may be found that the absence of light was a substantial factor in causing the fall.

Id. More specifically, Prosser and Keeton on the Law of Torts § 41 (5th ed. 1984) explains that a conclusion of causation is permissible where "the injury which has in fact occurred is precisely the sort of thing that proper care on the part of the defendant would be intended to prevent." Id. at 270.

I would resolve this appeal using these basic principles. Fedrorczyck's expert testified that the bathtub was too slippery to be reasonably safe because it had insufficient abrasive strips. Fedorczyck was standing in the bathtub and she fell. Her fall is precisely the type of injury that adequate abrasive strips were designed to prevent. Moreover, one could conclude based on everday experience that while falls do occur in bathtubs that are not too slippery, they are not routine. Accordingly, a reasonable jury could infer that Fedorczyk's fall was caused by the unsafe condition of the tub. While I agree with the court that Fedorczyck cannot invoke res ipsa loquitur, "[a] res ipsa loquitur case is . . . merely one kind of case of circumstantial evidence, in which the jury may reasonably infer . . . causation from the mere occurrence of the event and the defendant's relation to it." Restatement (Second) of Torts § 328D cmt. b (emphasis added).

15