

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-6-2006

# Smith v. Henry S Branscome

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4266

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Smith v. Henry S Branscome" (2006). *2006 Decisions.* Paper 1782.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1782

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-4266

JEROME C. SMITH, h/w; LISA M. SMITH, h/w,
Appellants

v.

HENRY S. BRANSCOME, INC.; MITCHELL DISTRIBUTING
COMPANY, INC.; INGERSOLL-RAND CO., INC.

On Appeal from the United States District Court
for the District of Delaware
District Court No.: No. 03-CV-00349
District Judge: The Honorable Kent Jordan

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
Friday December 16, 2005

Before: SLOVITER, SMITH, AND VAN ANTWERPEN, *Circuit Judges*

(Filed: January 6, 2006)

OPINION OF THE COURT

SMITH, *Circuit Judge*.

On June 22, 1999, Jerome Smith, an employee of Richard's Paving, was operating

a paver when the vibratory roller immediately behind him got too close and pinched his

leg. In an effort to free Smith's leg, the operator of the roller pulled the propulsion lever

backwards toward himself, but the roller moved forward, crushing Smith's leg and

necessitating its amputation. Thereafter, Smith and his wife filed a product liability

action against: Ingersoll Rand, the manufacturer of the vibrating roller; Mitchell

Distributing Co., Inc., the initial owner and occasional service provider of the roller; and

Henry S. Branscome, Inc., the company which sold the roller to Smith's employer.

Ingersoll Rand was dismissed by stipulation on April 1, 2004. Smith conceded

that the breach of warranty claims were time-barred. As a result, only the negligence

claims against Mitchell and Branscome remained. After discovery closed, Mitchell and

Branscome filed motions for summary judgment, which were granted by the District

Court. This timely appeal followed.[1]

Ingersoll Rand manufactured the roller in 1986, selling it to Mitchell in August of

that year. Mitchell sold the roller the following month to Branscome. Branscome owned

the roller until 1996 when it was sold at an auction to Richard Pendiak, the owner of

Richard's Paving. Pendiak made no alterations to the roller.

As designed by Ingersoll-Rand, the roller moved in the same direction as the

propulsion bar. If the propulsion bar was pushed forward, the roller was designed to

move forward. Similarly, if the propulsion bar was pulled back, the roller was designed

to move backward. After Smith sustained his injuries, it was determined that the roller's

propulsion lever had been reversed at some point in time. As a consequence, instead of

moving in the same direction as the bar when it was pushed, the roller moved in the

---

[1]The District Court had jurisdiction over this diversity action pursuant to 28 U.S.C. §1332. We exercise final order jurisdiction under 28 U.S.C. §1291. We review the grant of a motion for summary judgment de novo. *Lexington Ins. Co. v. Western Pennsylvania Hosp.*, 423 F.3d 318, 322 n.2 (3d Cir. 2005).

opposite direction.

Smith alleged that Mitchell had negligently repaired the roller when it serviced the machine at Branscome's request by reversing the propulsion lever mechanism. In support of his claim, Smith relied upon a service record completed by Mitchell in June 1992, and the expert engineer's opinion that Mitchell had reversed the propulsion mechanism because Mitchell's June 1992 service record was the only such document relating to the disassembly of the control console, which contained the propulsion lever. This service order, according to the expert, indicated that the service technician recognized and reported a directional movement problem. The expert was unable to determine, however, what was done to repair the problem.

Mitchell moved for summary judgment, contending that the service order did not establish that it had reversed the propulsion lever mechanism, and that the expert's opinion was nothing more than speculation because only a portion of the service records for this machine were available and there were other entities that serviced the roller in the years that followed. The District Court agreed that the evidence did not demonstrate that Mitchell modified the propulsion lever. We find no error in that conclusion. The record establishes that this roller was serviced by multiple entities, not just Mitchell, and that only a portion of the service records for the ten year period were available for inspection. Although we must draw all justifiable inferences in favor of the non-moving party on summary judgment, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986), the inference that Mitchell negligently serviced this roller by reversing the propulsion

3

mechanism would be nothing more than speculation or conjecture, which are insufficient to defeat a motion for summary judgment. *Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n.12 (3d Cir. 1990); *see also Fedorczyk v. Caribbean Cruise Lines Ltd.*, 82 F.3d 69, 75 (3d Cir. 1996) .

Alternatively, Smith claimed that Mitchell and Branscome were negligent under § 388 of the Restatement (Second) of Torts because they failed to warn that the roller was dangerous as a result of the reversal of the propulsion lever mechanism. Section 388 of the Restatement (Second) of Torts provides that the supplier of a chattel may be liable if the supplier:

> (a) knows or has reason to know that the chattel is or is likely to be dangerous for the use for which it is supplied, and
> (b) has no reason to believe that those for whose use the chattel is supplied will realize its dangerous condition, and
> (c) fails to exercise reasonable care to inform them of its dangerous condition or of the facts which make it likely to be dangerous.

Restatement (Second) of Torts § 388. Although the District Court recognized that Delaware had not expressly adopted § 388, it observed that there were indications that Delaware's Supreme Court would not only apply the provision, but that it would also adopt the "sophisticated user" defense as set forth in subsection (b) above. The District Court concluded that neither Mitchell nor Branscome had a duty to warn because it was clear that Smith and his co-employees were aware of the modified operation of the roller and the danger it posed.

Smith argues that the District Court erred because his awareness regarding how the

4

roller operated did not mean that he was cognizant of the danger the reversed propulsion mechanism posed. We agree with Smith that there is a difference between knowing of the modification and knowing it was dangerous. Nonetheless, we conclude that summary judgment was appropriate because the record fails to establish that either Mitchell or Branscome, like Smith, was aware that the condition was dangerous. There was no evidence to establish that the Ingersoll-Rand design was consistent with a standard in the market such that anyone operating the roller would recognize the danger of reversing the propulsion lever mechanism. Indeed, Ray Harris, a supervisor at Branscome, indicated that he did not operate rollers very often, and that each time he moved a roller he had to figure out which direction it would move by experimenting with the levers. He pointed out that the seats turn and it is confusing. He also noted that a former Branscome employee, Raymond Elborne, operated the roller in question for years and "thought the world of it." Elborne was not the only person comfortable with operating the roller. Smith and his co-employees, who worked with heavy machinery on a regular basis, used the machine in its modified state for three years before Smith's injury, yet they too failed to appreciate the danger posed by the reversed propulsion mechanism. Richard Pendiak, the owner of the paving company for which Smith worked, was in the business of paving for thirty years, and he too failed to recognize the danger this roller posed. In the absence of evidence to establish that the suppliers of this chattel knew or should have known of its dangerous condition, we find no error in the District Court's grant of

summary judgment for Mitchell and Branscome.[2]

---

[2]Even if we assume that Mitchell and Branscome had reason to know that the roller was dangerous for its intended use, we agree with the District Court that a warning was unnecessary because of the sophisticated user defense set out in § 388(b) of the Restatement (Second) of Torts. As suppliers of this heavy piece of machinery, Mitchell and Branscome had no reason to believe that the operators of this specialized roller would fail to realize the danger posed by the reversal of the propulsion lever. Although Smith may have failed to appreciate the danger, his testimony fails to establish that the operators of this piece of equipment would not recognize the dangerous condition created by the modified propulsion lever.