

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-20-2009

# Zeglen v. Pappert

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2096

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Zeglen v. Pappert" (2009). *2009 Decisions.* Paper 1716.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1716

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 08-2096 & 08-2256

———————

LANCE A. ZEGLEN

v.

GERALD PAPPERT; PAUL EVANKO;
JEFFREY MILLER; LT. COL. CYNTHIA TRANSUE;
JOHN DUBY; FARZAD SHARIF;
BARRY TITLER; CHRISTOPHER CARUSONE;
NICHOLAS SAITES; DR. RICK BROWN;
MICHAEL PATRICK; GARRETT RAIN; BROOKE QUICK

Lance A. Zeglen, Appellant in 08-2096
Brooke Quick,     Appellant in 08-2256

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 04-cv-01940)
District Judge: Honorable James M. Munley

———————

Submitted Under Third Circuit LAR 34.1(a)
March 5, 2009

———————

Before: BARRY, GREENBERG, Circuit Judges, and ACKERMAN,* District Judge

(Opinion Filed: March 20, 2009)

———————

* Honorable Harold A. Ackerman, Senior United States District Judge for the District
of New Jersey, sitting by designation.

OPINION

---

BARRY, Circuit Judge

Lance A. Zeglen ("Zeglen") appeals the March 12, 2008 order of the District Court granting the separate motions for summary judgment of the appellees, the "Commonwealth Defendants"[1] and Brooke Quick ("Quick"). That order resolved the only pending federal claims in Zeglen's complaint: (1) retaliation in violation of the First Amendment; and (2) malicious prosecution in violation of the Fourth Amendment. The Court declined to exercise supplemental jurisdiction over the state law claims and dismissed the matter in its entirety. We have jurisdiction under 28 U.S.C. § 1291, and will affirm.[2]

**I.**

This dispute arises from allegations that surfaced in 2001 regarding inappropriate sexual contact between Zeglen, a Pennsylvania State Police ("PSP") trooper then in his mid-forties, and several female minors. The PSP launched an investigation into these

---

[1] The "Commonwealth Defendants" are: Jeffrey B. Miller, Commissioner of the Pennsylvania State Police ("PSP") at relevant times; Cynthia Transue, PSP Deputy Commissioner for Administration; Christopher Carusone, a PSP attorney; and State Troopers John R. (Rick) Brown, Robert B. Titler, John Duby, Farzad Sharif, Christopher Saites, Michael Patrick, and Garrett Rain.

[2] The District Court also declined to exercise supplemental jurisdiction over Quick's cross-claims against Zeglen, and she appealed. She has not prosecuted that appeal, and therefore No. 08-2256 will be dismissed.

allegations, in the course of which dozens of potential witnesses were questioned and physical evidence was collected and tested. The most damaging evidence against Zeglen was the statement of Brooke Quick, who claimed that she engaged in sexual relations with Zeglen on multiple occasions when she was sixteen years old. Zeglen steadfastly denied the allegations to PSP investigators, but was recorded during several phone conversations with Quick pleading with her not to cooperate with the investigation. At no point during these recordings did he deny engaging in sexual activity with her.

In May 2002, the lead-investigator, Trooper John Duby, prepared a criminal complaint, supported by an affidavit of probable cause, charging Zeglen with one count of corruption of minors, 18 Pa. C.S. § 6301(a)(1). A state prosecutor reviewed the complaint and affidavit, and approved them for filing. The matter proceeded to trial in January 2004, and Zeglen was found not guilty by a jury.

While the criminal case was pending, Zeglen had been placed under a number of restrictions by the PSP. After the acquittal, the PSP continued to treat the allegations as an administrative matter and suspended Zeglen without pay. When the PSP received reports that Zeglen had attempted to contact witnesses to discourage their cooperation in the investigation, Zeglen was ordered to cease and desist all future communications. Zeglen was officially terminated by the PSP in 2004. His termination was upheld by an arbitrator.

Zeglen maintains that the allegations of sexual impropriety—and the criminal proceeding and termination incident thereto—were a pretext for retaliation. Zeglen

claims that he was dismissed because he vociferously protested the PSP's planned troop reduction in 1996 and 1997. Moreover, he contends, high-ranking PSP officials exerted pressure on the state prosecutor to ensure that he would be criminally charged despite the lack of evidence.

The District Court disagreed, stressing the lack of any evidence, aside from Zeglen's own testimony, suggesting wrongdoing on the part of defendants. First, with regard to the retaliation claim, the Court found that Zeglen had failed to show any causal or temporal link between his protected speech and the allegedly culpable actions of appellees.[3] Turning to the malicious prosecution claim, the Court determined that probable cause supported the charging decision, which was made by the non-party prosecutor on the basis of information provided by the PSP investigators. That information, the Court concluded, was the product of a thorough, reasonable investigation and there was no evidence, aside from Zeglen's speculation, to the contrary. On appeal, Zeglen argues that the Court overlooked evidence raising issues of material fact and impermissibly resolved key credibility determinations in favor of appellees.

**II.**

We exercise plenary review over grants of summary judgment. *Ye v. United States*, 484 F.3d 634, 636 (3d Cir. 2007). Summary judgment is appropriate where "there is no

---

[3] Zeglen's First Amendment claims are limited by virtue of the District Court's earlier ruling on the statute of limitations. Zeglen filed his complaint on August 31, 2004, and the Court held that all events occurring prior to August 31, 2002 were time-barred. Zeglen does not challenge that ruling on appeal.

genuine issue as to any material fact" and judgment may be granted as a matter of law. Fed.R.Civ.P. 56(c). The non-moving party must set forth more than its own speculation or conjecture in order to defeat a motion for summary judgment. *See Robertson v. Allied Signal, Inc.*, 914 F.2d 360, 382 n.12 (3d Cir. 1990); *see also Fedorczyk v. Caribbean Cruise Lines Ltd.*, 82 F.3d 69, 75 (3d Cir. 1996).

Zeglen argues, with reference to the retaliation claim, that the PSP investigation—which began in 2001—and his eventual termination were undertaken in retaliation for statements he made in protest of planned troop reductions in 1996 and 1997. We apply a three-step test in assessing this claim. *See Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005). Zeglen must demonstrate "that the activity is in fact protected," and "that the protected activity 'was a substantial factor in the alleged retaliatory action.'" *Id.* (citations omitted). If he is able to make such a showing, appellees could "defeat [his] claim by demonstrating that the same adverse action would have taken place in the absence of the protected conduct." *Id.*

Zeglen has failed to demonstrate the causal link between his protected activity and the retaliatory actions. He cites only his own deposition testimony, in which he relies on second-hand statements and sets forth his own unsubstantiated version of events. This is no more than he alleged in his complaint and is patently insufficient to sustain a claim beyond the summary judgment stage, especially in light of the evidence marshaled by the Commonwealth Defendants. The record demonstrates, for example, that high-ranking officers of the PSP had not even heard of Zeglen or his protected speech until after the

investigation into sexual misconduct had begun.  Given the number of years that elapsed between his speech and the allegedly improper actions of appellees, there is simply nothing to suggest that the PSP acted in retaliation for that speech. *See Estate of Smith v. Marasco*, 318 F.3d 497, 513 (3d Cir. 2003) (noting that, in the absence of a suggestive temporal link, the plaintiff must come forward with other evidence suggestive of retaliatory animus).  Summary judgment was properly granted on the retaliation claim.

The malicious prosecution claim suffers from the same lack of evidentiary support.  To prevail on a claim of malicious prosecution, a plaintiff must establish that: (1) the defendant initiated a criminal proceeding against the plaintiff, (2) the proceeding ended in plaintiff's favor, (3) the defendant was motivated by malice, (4) the proceeding was brought without probable cause, and (5) the plaintiff "suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Estate of Smith*, 318 F.3d at 521.

The District Court did not err in granting summary judgment on the malicious prosecution claim.  It is beyond dispute that there was probable cause for the criminal proceeding to be initiated against Zeglen.  Quick, for one, told investigators that Zeglen had engaged in several acts of sexual conduct with her while she was under the age of eighteen, an allegation that, if true, would state a claim for corruption of a minor under state law.  Quick's statements, which, to this day, have not been disputed, were similar to those of several other witnesses interviewed by the PSP.  Moreover, the criminal

complaint was approved by a prosecutor, and was bound over for trial by the state court, which, after a preliminary hearing, concluded that there was probable cause to proceed.

## III.

We will affirm the judgment of the District Court.