┌─────────────────────────────────────────────────────────┐
│            **NOT FOR PUBLICATION WITHOUT THE**            │
│          **APPROVAL OF THE APPELLATE DIVISION**          │
│                                                           │
│ This opinion shall not "constitute precedent or be binding upon any court." │
│ Although it is posted on the internet, this opinion is binding only on the │
│   parties in the case and its use in other cases is limited. R.1:36-3.   │
└─────────────────────────────────────────────────────────┘

                                    SUPERIOR COURT OF NEW JERSEY
                                    APPELLATE DIVISION
                                    DOCKET NO. A-3454-15T2

ROBERT MARQUESS,

        Plaintiff-Appellant,

v.

AVALON COUNTRY CLUB and
SPOTLESS CLEANING SERVICES
OF OCEAN CITY,

        Defendants-Respondents.
_____

                    Submitted April 4, 2017 — Decided June 2, 2017

                    Before Judges Ostrer and Vernoia.

                    On appeal from the Superior Court of New
                    Jersey, Law Division, Cape May County, Docket
                    No. L-439-14.

                    David K. Cuneo, attorney for appellant.

                    Mitchell S. Berman, attorney for respondent
                    Avalon Country Club.

                    Zarwin, Baum, DeVito, Kaplan, Schaer & Toddy,
                    P.C., attorneys for respondent Spotless
                    Cleaning Services (Timothy P. Mullin, on the
                    brief).

PER CURIAM

Plaintiff Robert Marquess appeals from the trial court's order granting defendants' motion for summary judgment dismissing his slip and fall complaint. Plaintiff alleges he slipped and fell in the shower area of the Avalon Country Club. He contends the club and its outside cleaner, defendant Spotless Cleaning Services, negligently maintained the shower area. Specifically, he alleges that a white filmy substance left on the floor created a slippery, dangerous condition after he showered. However, plaintiff testified that he only assumed the white film caused him to fall. In granting summary judgment, the trial court cited, among other reasons, plaintiff's failure to establish that the white film caused his fall. We affirm on the same ground.

I.

We discern the following pertinent facts from the motion record, viewed in the light most favorable to plaintiff as the non-moving party. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). On September 14, 2012, at around 4:00 p.m., plaintiff used the club's showers, after finishing a round of golf. The shower area consisted of an open tiled area with five or six shower-heads. A six-inch-high threshold separated the showers from another tiled area with sinks and toilets. No one else was in the shower area when he entered. Plaintiff noticed a white film on the dry tile "all over the shower" area, and on most

of the area on the other side of the threshold.  He could not tell whether the film was from soap or a cleaning material.  Nevertheless, it was not slippery when he entered.

Plaintiff showered alone for five to ten minutes.  He used a foamy soap from a dispenser.  While he showered, he did not notice if the floor was slippery.  However, once he finished, he took one step toward the exit and slipped.  He fell to the floor and suffered significant injuries.  He was unable to stand because the floor had become too slippery.

Asked how he knew the white film caused him to slip, plaintiff admitted, "I don't.  I assume that's what it was . . . ."

Plaintiff contended the club and the cleaners had actual or constructive notice of a slippery condition.  Plaintiff's brother, John Marquess, also golfed at the club that day.  He asserted, in an affidavit, that he visited the locker room in the morning, to use the toilet and clean his shoes.  He described the tiled area outside the shower as "almost 'icy' and 'scummy' . . . ."[1] Thereafter, he told a woman working in the pro shop about the slippery conditions in the locker room's shower and urinal areas.  He alleged she took notes and told him she would try to find

---

[1] John Marquess alleged he was accompanied by another golfer, whom he claimed stepped into the shower area.  We disregard the other golfer's alleged statements as hearsay.  See R. 1:6-6.

someone to address it. However, the club's general manager testified that there had been no complaints about the condition of the showers.

Monica Panesso, who owned and operated the cleaning service, testified that she personally cleaned the men's shower area with soap and vinegar every night after the club closed. She would also clean the area with bleach twice a week. Panesso claimed she rinsed the floor thoroughly, scrubbing it with a brush, and then dried it with hand towels. Each day, at around 2:00 p.m., she checked the men's locker room and shower, emptied trash, removed towels, discarded soap bars and shampoo bottles, and wiped any dirty areas in the shower and elsewhere. She was unaware of any slippery conditions or soap residue in the showers.

In granting defendants' motion, the court presumed that the club had actual notice of a white film, based on John Marquess's affidavit, but held the club was not on notice of a dangerous condition. Notwithstanding John Marquess's assertion that the floor was slippery, the judge relied on plaintiff's statement that it was not slippery before he showered. Although plaintiff asserted the shower area floor was slippery after he showered, the judge held that plaintiff failed to establish that the white film caused his fall.

A-3454-15T2

On appeal, plaintiff presents the following points for our consideration:

    A.    Summary Judgment Standard.

    B.    Defendants Had a Duty to Maintain the Avalon Country Club Showers in A Safe Condition and Eliminate Any Dangerous Conditions Of Which They Had Actual or Constructive Knowledge.

    C.    The Evidence is Sufficient to Permit a Reasonable Fact-Finder to Conclude That Defendants Breached Their Duty to Maintain the Safe Condition of the Club Locker Room Showers.

        1.    Plaintiff's Inability to Identify the Type of Scum That Covered the Shower Floor or State Definitively That It Caused His Fall Does Not Warrant Summary Judgment In Defendants' Favor.

        2.    Plaintiff's Testimony That The Floor Was Not Slippery When He Entered the Shower Does Not Warrant Summary Judgment In Defendants' Favor.

    D.    Plaintiff Has Adduced Sufficient Evidence to Permit a Rational Fact-Finder to Conclude Defendants Had Actual or Constructive Notice of a Dangerous Condition in the Locker Room.

    E.    Plaintiff Has Adduced Sufficient Evidence to Permit a Rational Fact-Finder to Conclude That Spotless Cleaning Services Had Notice of a Dangerous Condition in the Locker Room.

We review the grant of summary judgment de novo, applying the same standard as the trial court. Henry v. N.J. Dep't of Human Servs., 204 N.J. 320, 330 (2010). We determine whether the moving party has demonstrated the absence of genuine issues of material fact, and whether the trial court has correctly determined that the movant is entitled to judgment as a matter of law, owing no deference to the trial court's legal conclusions. N.J. Dep't of Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 507 (App. Div.), certif. denied, 222 N.J. 17 (2015).

"To sustain a cause of action for negligence, a plaintiff must establish four elements: (1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages." Townsend v. Pierre, 221 N.J. 36, 51 (2015) (internal quotation marks and citation omitted). We focus on the element of causation.

It is fundamental that a personal injury plaintiff must prove that the defendant's conduct constituted a "cause-in-fact" of his or her injuries. Dawson v. Bunker Hill Plaza Assocs., 289 N.J. Super. 309, 322 (App. Div.), certif. denied, 146 N.J. 569 (1996). In routine tort cases, this is commonly referred to as "but for causation." Conklin v. Hannoch Weisman, 145 N.J. 395, 417 (1996). In complex, concurrent cause cases, a plaintiff must prove the alleged tortfeasor's negligence was a "substantial factor" in

causing the harm. Id. at 419-20; Restatement (Second) of Torts §

433B(1) cmt. a (1965) (stating that a plaintiff "must make it

appear that it is more likely than not that the conduct of the

defendant was a substantial factor in bringing about the harm").

The mere possibility that a defendant's negligence may have caused

the injury is not enough. Davidson v. Slater, 189 N.J. 166, 185

(2007). The plaintiff may not prevail "'when the matter remains

one of pure speculation or conjecture, or the probabilities are

at best evenly balanced . . . .'" Ibid. (quoting W. Page Keeton

et al., Prosser & Keeton on the Law of Torts, § 41, at 269 (5th

ed. 1984)); see also Kulas v. Public Serv. Elec. & Gas Co., 41

N.J. 311, 318 (1964) (stating that a plaintiff must present

evidence that "would support a reasonable inference, as

distinguished from mere speculation, that defendant's negligence

in any way contributed to the cause" of the incident); Restatement

(Second), supra, § 433B(1) cmt. a ("A mere possibility of such

causation is not enough").

In Fedorczyk v. Caribbean Cruise Lines, Ltd., 82 F.3d 69, 74

(3d Cir. 1996), the Third Circuit addressed the causation issue

in a slip and fall case. The plaintiff was injured when she

slipped and fell in a bathtub on a cruise ship. Id. at 72. The

court affirmed an order granting the defendant summary judgment,

notwithstanding that the plaintiff offered evidence that the non-

slip abrasive strips on the tub's floor were negligently spaced, so a person could situate his or her feet between the strips and slip. Id. at 75-76. The court held that the plaintiff "may not rely on the mere happening of the accident as prima facie proof of causation in fact." Id. at 74. The plaintiff did not present proof that she actually stood between the strips, or other proof as to how she fell. In fact, there were other possible causes of plaintiff's fall; notably, she had just come from swimming and sunbathing at the pool, and had covered her body with sunscreen. Although the court acknowledged that a plaintiff may prove causation by circumstantial evidence, the cruise ship plaintiff failed to establish that it was more probable than not that the allegedly negligently placed strips caused her injury. Id. at 75.

Similarly, in LaPlace v. Briere, 404 N.J. Super. 585, 603 (App. Div.), certif. denied, 199 N.J. 133 (2009), we affirmed the trial court's grant of summary judgment notwithstanding the presumed negligence of a bailee of a horse that died. The plaintiff failed to show that the negligence was a proximate cause of the horse's death. Ibid. The plaintiff did not obtain a necropsy upon the horse and, therefore, was unable to demonstrate why the horse died — whether due to an underlying medical condition or the negligent exercise of the horse. Id. at 593-94.

A-3454-15T2

As in <u>Fedorczyk</u> and <u>LaPlace</u>, summary judgment is warranted here. Even if we assume, for argument's sake, that there existed a white film that created a slippery condition when wet, plaintiff failed to establish that the wet white film caused his fall. He testified that he washed himself with soap for five to ten minutes, rinsed, and slipped after taking a single step. Just as the plaintiff in <u>Fedorczyk</u>, <u>supra</u>, may have slipped because of wet, sun-screen-covered feet and the horse in <u>LaPlace</u>, <u>supra</u>, may have died of an underlying condition, plaintiff, here, may have slipped because of the soapy water from his own shower or because of his own inattentiveness. Plaintiff bore the burden to establish that it was more likely than not that the wet white film was a proximate cause of his fall. Yet, plaintiff admitted he did not know if he slipped on the wet white film. He simply assumed he did. That does not suffice.

Plaintiff contends he was not obliged to identify the white film as the cause of his fall. However, even if it was not his burden to demonstrate that the substance was the soapy residue of shower users or the remnants of a cleaning product that was inadequately rinsed, he still had the burden to demonstrate that the substance — whatever it was — actually caused his fall.

Inasmuch as we conclude that plaintiff failed to satisfy the essential element of causation, we need not address the issue of actual or constructive notice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION