**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2978-23

FAIZEH ZALEL, a/k/a
FAIZEH JALOUDI,

     Plaintiff-Appellant,

v.

TINA HUANG, PASQUALE
MONACO, DEBORA MONACO,
FIRST SERVICE RESIDENTIAL and
INDEPENDENCE HARBOR HOA,

     Defendants-Respondents,

and

HOUSEMASTER, INC.,

     Defendant.

_____

Submitted October 2, 2025 – Decided December 31, 2025

Before Judges Bishop-Thompson and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-7333-21.

George J. Cotz, attorney for appellant.

Law Office of Frank A. Viscomi, attorneys for respondent Tina Huang (Lisa R. Marshall, on the brief).

Chasan Lamparello Mallon & Cappuzzo, PC, attorneys for respondents Pasquale Monaco and Debora Monaco[1] (James B. Shovlin, on the brief).

Flanagan, Barone & O'Brien, LLC, attorneys for respondents First Service Residential Mid Atlantic, LLC, and Independence Harbor 1 Condominium Association[2] (Alexander L. D'Jamoos, of counsel and on the brief).

PER CURIAM

In December 2016, plaintiff Faizeh Zalel purchased a first-floor condominium in Independence Harbor complex, a three-story multi-unit condominium in Edgewater. However, she did not purchase or maintain property insurance for the unit in accordance with Article 12.05 of defendant's Independence Harbor 1 Condominium Association's Master Deed.

Defendant Tina Huang owned the unit directly above Zalel's unit. According to Article 7.01 of the Master Deed, unit owners are responsible for the maintenance, repairs, and replacement of their units at their own expense.

---

[1] Respondent Debora Lucarello was improperly pled as "Debora Monaco."

[2] Respondent First Service Residential Mid Atlantic, LLC was improperly pled as "First Service Residential" and Respondent Independence Harbor 1 Condominium Association was improperly pled as "Independence Harbor HOA."

A-2978-23

The "common areas" are owned and controlled by Independence Harbor and managed and maintained by First Service Residential Mid Atlantic, LLC (First Service) under the Master Deed and pursuant to a contract.

The same month Zalel purchased her unit, she discovered standing water on the floor and mold extending into the kitchen ceiling. She spent over $150,000 to remediate the mold problem behind her kitchen wall.

In November 2019, she observed water coming down from the kitchen ceiling. Huang took responsibility for the leak and reimbursed Zalel for the cost of repairs to her unit.

The last incident occurred in December 2020, where Zalel asserted she sustained substantial water damage from leaks originating from Huang's unit, claiming damage to her premises in excess of $30,000. First Service told Zalel the source of the water "flooding" into her unit was a leaking dishwasher hose in Huang's unit. Huang provided her homeowner's policy insurance to Zalel and advised her to file a claim.

Zalel filed suit asserting a negligence claim against First Service for failing to maintain the condominium premises, Independence Harbor for the negligence of First Service, Housemaster, Inc. (Housemaster) related to the

3

home inspection of her unit,[3] Huang, and Monaco and Lucarello (collectively, the Monaco defendants), tenants in Huang's unit. She sought compensatory damages related to the water infiltration.

Huang moved for summary judgment, followed by cross-motions for summary judgment from First Service, Independence Harbor, and the Monaco defendants. Each defendant argued plaintiff had not produced any proof or expert testimony concerning the source of the leak for each claimed incident.

Zalel opposed the motion and argued the doctrine of res ipsa loquitur applied. In support of her argument, Zalel relied exclusively on her counterstatement of facts and certification with no citations to the record,[4] stating: Huang "informed" Zalel of the dishwasher leaking from her apartment; after opening Zalel's ceiling in November 2019, First Service told her the leak came from Huang's premises and Huang stated her dishwasher hose was leaking; and after opening Zalel's ceiling again in December 2020, First Service told her the dishwasher was leaking in Huang's unit.

---

[3] Housemaster was dismissed under Rule 1:13-7 for lack of prosecution.

[4] We note Zalel's counterstatement of facts cites her certification rather than the motion record, a procedural violation of Rule 4:46-2(c), which requires citations to the motion record.

In three separate orders issued on April 24, 2024, each accompanied by written decisions, the trial court granted summary judgment in favor of each defendant. The court concluded Zalel had not established negligence against any defendant through expert testimony: the leak had not originated from a common element under the control of First Service or Independence Harbor; and her claim was barred by Article 12.05 of the Master Deed, which requires unit owners to maintain insurance and contains a waiver of subrogation.

On appeal, Zalel raises two arguments for our consideration. She first argues the court erred by concluding res ipsa loquitur could not be invoked without expert testimony. She also argues genuine issues of material fact regarding causation existed, which should have been submitted to the jury for resolution.

Based upon our de novo review of the trial court's summary judgment orders, we affirm. Stewart v. N.J. Tpk. Auth., 249 N.J. 642, 655 (2022). Our de novo review standard requires us to "determine whether 'the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021)

A-2978-23

(quoting R. 4:46-2(c)). "Summary judgment should be granted . . . [']against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)). We do not defer to the trial court's legal analysis. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

To establish a prima facie case of negligence, a plaintiff must establish a "(1) duty of care, (2) breach of that duty, (3) proximate cause, and (4) damages." D'Alessandro v. Hartzel, 422 N.J. Super. 575, 579 (App. Div. 2011) (citing Conklin v. Hannoch Weisman, P.C., 145 N.J. 395, 417 (1996)). A plaintiff "bears the burden of establishing those elements 'by some competent proof.'" Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2015) (citation omitted) (quoting Overby v. Union Laundry Co., 28 N.J. Super. 100, 104 (App. Div. 1953)). Simply put, "negligence . . . is never presumed." Khan v. Singh, 200 N.J. 82, 91 (2009) (citing Hansen v. Eagle-Picher Lead Co., 8 N.J. 133, 139 (1951)).

The doctrine of res ipsa loquitur, if properly invoked, enables a plaintiff to make out a prima facie case of negligence by allowing for the inference of

negligence from undisputed facts.  See Jerista v. Murray, 185 N.J. 175, 191-92 (2005).  The doctrine is applicable where "(a) the occurrence itself ordinarily bespeaks negligence; (b) the instrumentality was within the defendant's exclusive control; and (c) there is no indication in the circumstances that the injury was the result of the plaintiff's own voluntary act or neglect."  Buckelew v. Grossbard, 87 N.J. 512, 525 (1981) (quoting Bornstein v. Metro. Bottling Co., 26 N.J. 263, 269 (1958)).  However, the doctrine is not applicable "where the injured party fails to exclude other possible causes of the injury."  Hillas v. Westinghouse Elec. Corp., 120 N.J. Super. 105, 114 (App. Div. 1972) (citing Jakubowski v. Minn. Mining & Mfg., 42 N.J. 177, 183 (1964)).

Zalel has not satisfied the three elements of the res ipsa loquitur doctrine. She offers only her certification asserting allegations of negligence, which alone will not defeat a meritorious motion for summary judgment.  See N.J. Mortg. & Inv. Corp. v. Calvetti, 68 N.J. Super. 18, 25 (App. Div. 1961) (citing Ocean Cape Hotel Corp. v. Masefield Corp., 63 N.J. Super. 369, 383 (App. Div. 1960)). The record is devoid of any competent evidence identifying the source and cause of the leak into her unit.

Moreover, water leakage from an unidentified source into Zalel's unit is not within the common knowledge of the average juror, as there was no

A-2978-23

testimony in the record supporting the source was in the exclusive control of any defendant. In the absence of expert testimony and opinion as to the source and cause of the leak, the jury would be left to engage in "sheer speculation" as to the possible sources of the leak and each party's conduct that allegedly caused damage to Zalel's property. Jimenez v. GNOC, Corp., 286 N.J. Super. 533, 546 (App. Div. 1996) (quoting Dombrowska v. Kresge-Newark, Inc., 75 N.J. Super. 271, 275 (App. Div. 1962)); see Buckelew, 87 N.J. at 527. Accordingly, we affirm the trial court's grant of summary judgment as to each defendant because Zalel did not establish the requisite elements required to invoke the doctrine of res ipsa loquitur.

To the extent we have not specifically addressed any of Zalel's remaining contentions, we conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

_M.C. Harley_

Clerk of the Appellate Division

A-2978-23